Arthur Goldstein, Appellant *v.* Upper Merion Township, Appellee.

202

Argued April 6, 1979, before Judges WILKINSON, JR., BLATT and MACPHAIL, sitting as a panel of three.

*Walter W. Rabin*, with him *Meltzer & Schiffrin*, for appellant.

*Gregory J. Dean*, with him *Meneses & Dean*, for appellee.

OPINION BY JUDGE MACPHAIL, July 12, 1979:

The Court of Common Pleas of Montgomery County has denied the petition of Arthur Goldstein (Appellant) for a Declaratory Judgment[1] against Upper Merion Township (Township) by sustaining Township's answer to Appellant's petition raising questions of law. Appellant has appealed from that order alleging that the trial court erred as a matter of law.

---

[1] *See* Act of June 18, 1923, P.L. 840, *as amended*, 12 P.S. §831 et seq. repealed by Act of April 28, 1978, P.L. 202, 42 P.S. §20002 (a) [1063], now found as Declaratory Judgments Act, 42 Pa. C.S. §7531 et seq.

From the Appellant's petition, the Township's answer,[2] and the opinion of the trial court, we ascertain that Appellant presently operates a carwash and beverage distributorship. Appellant's business is under a written lease on a tract of real estate containing 1.266 acres. The real estate in question lies within the Valley Forge Shopping Center and is zoned (by the Township) as SC-Shopping Center District. Appellant's use of his premises has been approved by the Zoning Hearing Board (Board) of the Township. Appellant desires to exercise his option to purchase the premises he presently leases and has advised the Township of his intention to do so. The Township has informed Appellant that if he exercises his option, the operation of his business thereafter will constitute a violation of the Township's Zoning Ordinance (Ordinance).[3] Appellant contends that since he did not seek a change in existing use or structure on his premises, and since the only change will be that of ownership, he has no proceeding available to him which will resolve his controversy with the Township. Therefore, Appellant seeks an order of the Court authorizing him to exercise his option without the approval of the Township and without being in violation of the ordinance.

The Township's answer raising questions of law averred that (1) Appellant's exclusive remedy was under the Pennsylvania Municipalities Planning Code (Code), Act of July 31, 1968, P.L. 805, *as amended,*

---

[2] Inasmuch as an answer raising questions of law in a Declaratory Judgment proceeding is treated as a preliminary objection, all factual matters set forth in the petition are deemed to be admitted as true for the purpose only of ruling on the issues raised by the answer. *Melnick v. Melnick,* 147 Pa. Superior Ct. 564, 25 A.2d 111 (1942).

[3] Section 1101 of the Ordinance provides that a development plan in the Township shall encompass an area of not less than ten acres.

53 P.S. §10101 et seq., (2) the instant proceeding is barred by res judicata, and (3) the Appellant has a statutory remedy available, *i.e.*, the Code.[4]

In its opinion refusing the petition, the trial court held that the Code provided Appellant with an exclusive statutory remedy and therefore Appellant's petition under the Act was not a proper remedy.

Appellant argues that the trial court erroneously concluded that he was attempting to circumvent the Code by securing a review of a decision by the Township in a Declaratory Judgment proceeding. In fact, Appellant contends, he was pursuing the only remedy he had because the Township made no decision regarding his use of the property, only its ownership, and therefore any proceedings under the Code would not be proper.

"The use and ownership of property are distinct and separate." *Wanamaker v. Philadelphia School District*, 441 Pa. 567, 572, 274 A.2d 524, 526 (1971). Our Court has said: "Zoning ordinances regulate usage and not method of ownership. If a use is permitted, a municipality may not regulate the manner of ownership of the legal estate." *Dublin Properties v. Board of Commissioners of Upper Dublin Township*, 21 Pa. Commonwealth Ct. 54, 57, n.3, 342 A.2d 821, 822, n. 3 (1975).

However, the question still remains as to whether the Code provides Appellant with an exclusive statutory remedy. We agree with the trial court that it does. The provisions of Section 1001 of the Code are all encompassing.

The proceedings set forth in this article shall constitute the exclusive mode for securing re-

---

[4] Section 7541 of the Judicial Code, 42 Pa. C.S. §7541, now provides that the existence of a statutory remedy in and of itself does not preclude a proceeding under the Act with three specific exceptions, one of which is a proceeding within the exclusive jurisdiction of a tribunal other than a court.

view of any ordinance, decision, determination or order of the governing body of a municipality, its agencies or officers adopted or issued pursuant to this act.

53 P.S. §11001.

No matter how one attempts to rationalize the facts in the instant case, when the Appellant becomes the owner of the tract he now leases, that action on his part constitutes a sub-division of the larger tract wherein his premises are located. The area encompassed by his tract will be far less than the minimum prescribed by Section 1101 of the Ordinance. Therefore, the decision of the Township officials that Appellant's proposed purchase of the real estate he presently leases constitutes a violation of the sub-division provisions of the Township's Zoning Ordinance is a ''decision'' encompassed by the language of Section 1001 of the Code. Accordingly, Appellant should have proceeded thereunder and he is now barred from proceeding with his petition for a Declaratory Judgment.

Order affirmed.

### Order

And Now, this 12th day of July, 1979, the order of the Court of Common Pleas of Montgomery County dated January 11, 1978 refusing the petition for Declaratory Judgment is affirmed.