## Gossman v. Lower Chanceford Board of Supervisors

*William H. Poole, Jr.,* for appellants.
*Lillian M. Morgan* and *Donald L. Reihart,* for intervenor.

CASSIMATIS, *J.,* August 27, 1980—Appellants, Edward J. and Susan J. Gossman, have filed a zoning appeal from the decision of the appellee, Lower Chanceford Township Board of Supervisors (hereinafter referred to as supervisors), to approve an amended subdivision plan, submitted by the intervening party, Edgar DeLaski. DeLaski has filed a motion to quash the appeal, which is before the court for disposition under our local rules.

Edgar G. DeLaski is the owner of a tract of land in Lower Chanceford Township known as Pheasant Run. On or about March 7, 1978, supervisors approved a subdivision plan which DeLaski had submitted for this tract of land. Subsequently, DeLaski conveyed Lot No. 1 of this tract to Warren Williams, who in turn conveyed it to appellants Gossman. On

or about February 5, 1980, DeLaski filed an amended subdivision plan which was approved by supervisors. The amended portion of the subdivision plan dealt with the formation of a lot No. 15 from land which had been parts of lots Nos. 11, 12 and 13 in the original subdivision plan.

Appellants Gossman have filed their appeal, challenging the approval of the amended subdivision plan for Pheasant Run, claiming that: (1) they were given no advance notice that the amended subdivision plan would be considered on February 5, 1980; (2) supervisors failed to consider restrictions which existed upon the development of the lots and the subdivision; and (3) supervisors failed to protect the rights of appellants as interested and affected landowners. DeLaski in his motion to quash the zoning appeal, contends that: (1) appellants do not have standing to bring this appeal before the court; and (2) appellants have stated no facts upon which the court could grant relief because they aver no violation of the Lower Chanceford Subdivision and Land Development ordinance by the amended subdivision plan.

We will deal only with the first issue presented by DeLaksi's motion to quash, inasmuch as disposition of that issue will dispose of the entire case. The rules and procedure for a zoning appeal are found in Article X of the Pennsylvania Municipalities Planning Code (MPC) of July 31, 1968, P.L. 805, as amended by the Act of June 1, 1972, P.L. 333, as amended, 53 P.S. § 11001 et seq.* Insofar as this

---

*Appeals concerning the approval or disapproval of a subdivision plan were originally governed separately under section 512 of the MPC. However, this section was repealed and all appeal provisions are consolidated into Article X.

case involves "decisions and orders not involving the validity of an ordinance," this appeal is governed by sections 1006 or 1007 of the MPC: 53 P.S. §§11006 and 11007. Section 1006 deals with landowner appeals, while section 1007 deals with appeals by "persons aggrieved." Inasmuch as appellants Gossman are not persons who have an interest in the land which is the subject of the supervisor's decision, they are not landowners for the purposes of section 1006. Therefore, we must turn to the provisions of section 1007. Section 1007 provides:

"*Persons aggrieved* by a use or development permitted on the land of another who desire to secure review or correction of a decision or order of the governing body or of any officer or agency of the municipality which has permitted the same, on the grounds that such decision or order is not authorized by or is contrary to the provisions of an ordinance or map shall first submit their objections to the zoning hearing board under sections 909 and 915. . . .

"Appeals to court from the decision of the zoning hearing board may be taken by any party *aggrieved.*" (Emphasis supplied.)

Thus, there is a distinction between a "person aggrieved" and a "party aggrieved" for appeal purposes. "While any person aggrieved by a decision regarding a use of another's land may appeal to a zoning hearing board, it is necessary for an appeal to be brought in our courts, that the appellant had been a *party* before the zoning hearing board." Baker v. Zoning Hearing Board of West Goshen Township, 27 Pa. Commonwealth Ct. 602, 606, 367 A. 2d 819 (1976). There is no doubt that appellants

have a direct and immediate interest in the decision made by the supervisors regarding the subdivision of which their lot is a part. There is also no doubt that these interests would be adversely affected if there are indeed restrictions which are not part of that amended plan. Such facts would qualify appellants as "persons aggrieved" with a right to appeal to the zoning hearing board: Cablevision v. Zoning Hearing Board of Easton, 13 Pa. Commonwealth Ct. 232, 320 A. 2d 388 (1974). They are not, however, "parties aggrieved," with the right to appeal directly to the court of common pleas, inasmuch as appellants were not parties before the supervisors and/or the zoning hearing board.

Appellants contend that section 1007 does not apply to the case because they are not specifically claiming a result contrary to the provisions of an ordinance, and there is no authority or right for an appeal to the zoning hearing board. We find this contention to be without merit. As appellants state in their brief, the appeal provisions of the MPC are the exclusive mode of review for an appeal of a subdivision approval. Section 1001 of the MPC provides: "The proceedings set forth in this article [Article X] shall constitute the exclusive mode for securing review of any ordinance, decision, determination or order of the governing body of municipality, its agencies or officers adopted or issued pursuant to this act."

The decision by the supervisors in approving DeLaski's subdivision plan for Pheasant Run is obviously a "decision" or "determination" under the above section; and appellants must follow the appellate procedures of Article X: Goldstein v. Upper Merion Twp., 44 Pa. Commonwealth Ct. 201, 403 A. 2d 211 (1979); Cibula v. Bradford Twp., 25 Pa. Commonwealth Ct. 333, 360 A. 2d 812 (1976).

There is only one section under Article X which deals with an appeal of decisions and orders not involving the validity of an ordinance by persons aggrieved (as distinguished from landowners); and that is section 1007. We must find that appellants' exclusive remedy is section 1007, even though the language of section 1007 does not include procedures specifically designated to apply to appeals from subdivision decisions. Therefore, appellants' appeal to this court must be dismissed for their failure to establish themselves as "parties aggrieved."

Accordingly, we will enter the following

### ORDER

And now, August 27, 1980, Edgar G. DeLaski's motion to quash the zoning appeal of Edward and Susan Gossman is granted. The zoning appeal is hereby dismissed.

The prothonotary is directed to give notice of the entry of this opinion and order as required by law.