Washington Township, Paul B. Wagner, Carl Tolino and Paul Miller, Appellants *v.* Slate Belt Vehicle Recycling Center, Inc., Appellee.

Argued March 2, 1981, before Judges MENCER, ROGERS and PALLADINO, sitting as a panel of three.

*William H. Agnew,* for appellants.

*John Molnar, Cassebaum, McFall & Molnar,* P.C., for appellee.

OPINION BY JUDGE ROGERS, April 23, 1981:

By declaratory judgment proceedings[1] the Slate belt Vehicle Recycling Center, Inc. (Recycling Cen-

---

[1] Pursuant to the Declaratory Judgments Act, 42 Pa. C. S. §7531 *et seq.*

ter) sought the resolution of legal questions raised by the denial of its applications for a junkyard license and a building permit by the Board of Supervisors of Washington Township (township). The township here seeks review of the decision and decree of the Court of Common Pleas of Northampton County declaring that the Recycling Center's applications were improperly denied.

The pertinent facts are not disputed. The Recycling Center is the equitable owner of an approximately eighty acre tract of land located in Washington Township on which it desires to erect improvements and to operate a business involving the acquisition of used motor vehicle parts and accessories— primarily through the dismantling of used motor vehicles—and the rehabilitation and resale of the parts and accessories. To this end the Recycling Center applied to the township for a junkyard license required by local ordinance and for a building permit necessary to construct an office and warehouse facility.

On the advice of its solicitor and following a public hearing attended by counsel for the Recycling Center, the township denied the applications. Two reasons were given: (1) that although the township had no zoning ordinance at the time the applications were filed, the activities shown to be intended by the Recycling Center's junkyard and building applications were not permitted under the new zoning ordinance which had been recommended by the planning commission and was being considered by the supervisors preliminary to the scheduling of public hearings and eventual enactment and (2) that no plat had been submitted or application made for subdivision approval as was required by the township's subdivision ordinance before any improvement could be undertaken on the land.

Specifically, the Court of Common Pleas entered the following decree:

1. The Washington Township's Subdivision and Land Development Ordinance is not applicable to the applications of Plaintiff for junkyard licenses and building permits; and

2. Plaintiff's applications are not precluded by the pending ordinance rule.

The township first argues that declaratory relief was not properly available to the Recycling Center because the Pennsylvania Municipalities Planning Code (MPC)[2] provides the exclusive means for challenging the denial of the Recycling Center's applications. *Goldstein v. Upper Merion Township,* 44 Pa. Commonwealth Ct. 201, 403 A.2d 211 (1979) is cited as authority for this contention as well as Section 1001 of the MPC, the latter of which provides:

The proceeding set forth in this article shall constitute the exclusive mode for securing review of any ordinance, decision, determination or order of the governing body of any municipality, its agencies or officers adopted or issued pursuant to this act.

53 P.S. §11001.

We agree with the Court of Common Pleas that this argument must fail. The usual path to relief under the MPC—appeal to the local zoning hearing board—was not available to the Recycling Center because the township's zoning ordinance was not enacted until after the petition for declaratory relief was filed. This distinguishes this case from *Goldstein v. Upper Merion Township, supra.* Although recourse to the courts could have been had by the Recycling Center pursuant to Section 1006 of the

---

[2] Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §10101 *et seq.*

MPC or by way of an action in mandamus, the Declaratory Judgments Act clearly provides that the availability of an alternative judicial, as opposed to administrative remedy, does not preclude declaratory relief. Section 7541 of that Act provides:

EFFECT OF ALTERNATIVE REMEDY.—
The General Assembly finds and determines that the principle rendering declaratory relief unavailable in circumstances where an action at law or in equity or a special statutory remedy is available has unreasonably limited the availability of declaratory relief and such principle is hereby abolished. . . . [T]he remedy provided by this subchapter shall be additional and cumulative to all other available remedies except as provided in subsection (c).

. . . .

(c) EXCEPTIONS.—
Relief shall not be available under this subchapter with respect to any:

. . . .

(2) Proceedings within the exclusive jurisdiction of a tribunal other than a court.

42 Pa. C. S. §7541. Declaratory relief was proper.

On the merits, the township contends that the Court of Common Pleas erroneously concluded that the pending ordinance doctrine did not justify denying the Recycling Center's application for a junkyard license and a building permit. The pending ordinance doctrine was judicially created to protect municipalities from the establishment of nonconforming uses on the eve of a zoning change. Under the doctrine "a municipality may properly refuse a building permit for a land use repugnant to a pending and later lawfully enacted zoning ordinance even though the application for the permit is made when the intended

use conforms to existing regulations." *Honeybrook Township v. Alenovitz,* 430 Pa. 614, 623, 243 A.2d 330, 334 (1968). *See Casey v. Zoning Hearing Board of Warwick Township,* 459 Pa. 219, 225, 328 A.2d 464, 467 (1974). We reject the Recycling Center's argument, accepted by the court below, that this doctrine has no application where the pendency of the initial enactment of a zoning ordinance as opposed to its subsequent amendment is asserted. No authority or persuasive reason is offered for such a distinction and our Supreme Court has on several occasions considered a municipality's initial zoning ordinance as a proper candidate for the application of the pending ordinance doctrine. *See e.g. Gulf Oil Corp. v. Fairview Township Supervisors,* 438 Pa. 457, 266 A.2d 84 (1970); *Honeybrook Township v. Alenovitz, supra; Aberman, Inc. v. New Kensington,* 377 Pa. 520, 105 A.2d 586 (1954).

We must next determine whether the ordinance was pending at the time the Recycling Center's applications were filed. A zoning ordinance is pending when the municipality "has resolved to consider a particular scheme of rezoning and has advertised to the public its intention to hold public hearings on the rezoning." *Boron Oil Company v. Kimple,* 445 Pa. 327, 331, 284 A.2d 744, 747 (1971). A brief chronology follows:

October 10, 1977—Township supervisors contract with consulting firm for the preparation of a comprehensive plan and land use map.

February 27, 1979—Recycling Center first applies for a junkyard license.

March 27 and 30, 1979—Supervisors publish legal advertisement of a public meeting to be held April 2, 1979, to consider the proposed comprehensive plan and land use map.

April 2, 1979—Meeting held.

April 3, 1979—Planning Commission recommends to the township supervisors adoption of the comprehensive plan and land use map.

April 9, 1979—Supervisors follow the Planning Commission's recommendation.

April 17, 1979—Recycling Center applies for its second junkyard license.

April 18 and 25, 1979—Planning Commission advertises its intention to hold public hearings on proposed zoning ordinance.

May 14, 1979—Recycling Center submits an application for a building permit to construct an office/warehouse facility.

May 29, 1979—Public hearing on proposed ordinance held by Planning Commission.

May 31, 1979—Supervisors advertise intention to hold public hearings on the proposed ordinance.

June 5, 1979—Planning Commission recommends to the supervisors the adoption of the proposed ordinance.

June 18, 1979—Zoning ordinance enacted.

The record thus reveals that the Recycling Center's junkyard license applications were not properly denied on the basis of the pending ordinance doctrine as they were filed prior to any public announcement of the municipality's intention to hold hearings on the proposed zoning ordinance.

The building permit application was properly denied on this ground since the Planning Commission advertised its intention to hold hearings on the proposed ordinance over three weeks before the Recycling Center filed its application. The argument that the ordinance did not become pending until May 31, 1979, when the Board of Supervisors first announced their intention to hold public hearings must

fail in the light of *Boron Oil Company v. Kimple, supra,* which established that advertisement of scheduled hearings by the Planning Commission is a sufficient public declaration by the municipality.

Finally, the township argues that the applications were properly denied on the basis of. the failure of the Recycling Center and its grantor to comply with the township's subdivision and land development ordinance which had been in effect since 1975. We agree. Section 507 of the MPC provides:

> EFFECT OF SUBDIVISION AND LAND DEVELOPMENT ORDINANCE
>
> Where a subdivision and land development ordinance has been enacted by a municipality under the authority of this article no subdivision or land development of any lot, tract or parcel of land shall be made, no street, sanitary sewer, storm sewer, water main or other improvements in connection therewith shall be laid out, constructed, opened or dedicated for public use or travel, or for the common use of occupants of buildings abutting thereon, except in accordance with the provisions of such ordinance.

53 P.S. §10507. Therefore, if the subdivision ordinance applies, permission to construct the improvements desired by the Recycling Center and necessary for its proposed activities under the junkyard ordinance was properly denied in the absence of subdivision approval.

It is undisputed that the tract of land here at issue was purchased by the Recycling Center from Joseph and Mildred Beers and that it is part of a larger tract acquired by the Beers from Henry and Elmyra Male in 1944. Approximately fifty acres of the larger tract has been retained by the Beers. In addition, the Beers have prior to this transaction conveyed to other persons numerous small parcels from the Male

tract without applying for or obtaining subdivision approval, in complete disregard of the township's regulations. As defined in Section 2.66 of the local ordinance, following Section 107(21) of the MPC, a subdivision is:

> The division or redivision of a lot, tract or parcel of land by any means into two or more lots, tracts, parcels or other divisions of land including changes in existing lot lines for the purpose, whether immediate or future, of lease, transfer of ownership or building or lot development . . .

53 P.S. §10107(21).

The conveyance of part of a tract with the retention of the remainder constitutes a "division or redivision . . . by any means" within the broad purview of this definition. It is no answer that before entering into the purchase agreement with the Recycling Center, the Beers had conveyed to others much of the remainder of the larger tract, in view of the facts that subdivision approvals were not obtained for those divisions and that the Beers will continue as owners of almost a third of the land, if and when the Recycling Center Transaction is completed. Neither do we believe that the stricture of Section 507 is avoided by the presence of a public road running between the parcel to be retained by the Beers and the land previously sold without approval and agreed to be sold to the Recycling Center. It was not error for the township to deny the building permit and junkyard license applications when it appeared that the applicant was, at the time the application was submitted, in violation of the township's subdivision ordinance which violation made it unlawful for the applicant to continue in its proposed activities.

Order reversed.

ORDER

AND Now, this 23rd day of April, 1981, the decree of the Court of Common Pleas of Northampton County is reversed.

Judge WILKINSON did not participate in the decision in this case.