**David UREY, t/d/b/a General Outdoor Advertising, Inc., Appellant,**

v.

**ZONING HEARING BOARD OF THE CITY OF HERMITAGE, PA.**

Commonwealth Court of Pennsylvania.

Argued May 8, 2002.

Decided Sept. 4, 2002.

---

Mark A. Ciccarelli, Aliquippa, for appellant.

Roger R. Shaffer, Jr., Hermitage and H. William White, III, Sharon, for appellee.

BEFORE FRIEDMAN, J., COHN, J., and FLAHERTY, Senior Judge.

OPINION BY Judge COHN.

This is an appeal by David Urey t/d/b/a General Outdoor Advertising, Inc. (Urey) from an order of the Court of Common Pleas of Mercer County that affirmed the decision of the Zoning Hearing Board (Board) of the City of Hermitage (City). The Board's decision upheld an enforcement notice issued against Urey for constructing a billboard in a Central Commercial (CC–1) district. For the reasons that follow, we affirm the order of the trial court.

The zoning ordinance provision in question, Section 308.27, was initially enacted by the City of Hermitage in December 1991. This Section authorized billboards as a conditional use in light and heavy

industrial districts.[1] In May 1996, the City enacted an ordinance that "amended" the zoning code by "eliminating" Section 308.27.[2] Several years later, on January 27, 1999, at a regular monthly meeting of the Board of Commissioners of the City, the City's solicitor expressed his opinion to the Commissioners that this total ban on billboards was legally infirm and that, pursuant to Section 609.2 of the Pennsylvania Municipalities Planning Code[3] (MPC), the Commissioners should begin consideration of a curative amendment.

Following Solicitor Kuster's discussion of the need for a curative amendment, a motion was made as provided for in Section 609.2, to declare the 1996 amendments invalid and propose to prepare a curative amendment. The Commissioners unanimously voted for the motion. One month later, at a February 24, 1999 meeting, the Board of Commissioners passed a formal resolution declaring the zoning provisions as to billboards to be invalid, and indicating its intention to adopt a curative amendment to address the invalidity.[4] On June 30, 1999, less than 180 days after first announcing its intention at the January meeting, the Commissioners enacted a curative amendment to address the billboard concern. The language of the curative amendment was identical to Section 308.27 as it read prior to the 1996 amendment that eliminated it from the zoning code. The curative amendment permitted billboards in Light and Heavy Industrial Districts (LI and HI respectively), but not in CC–1 districts.

The issue in this case arises from Urey's actions during the period of time between the January 1999 and February 1999 Commission meetings. In early February 1999, **without applying for a permit or a curative amendment,** Urey built a billboard in a CC–1 (Central Commercial) district. On October 11, 1999, the City issued an enforcement notice to Urey notifying him that the billboard on the subject property was not in compliance with the City's ordinance. Urey appealed this enforcement notice to the Board, which conducted a hearing and issued a decision upholding the enforcement notice.

The Board concluded that billboards were not a permissible use from the period of 5/16/96 through 6/30/99. It reasoned that Urey could have challenged this "no billboards allowed" ordinance as invalid by filing a permit for a billboard but, because he did not do so, he failed to challenge appropriately the ordinance. However, the Board did note that, had Urey done so, the permit would have likely been denied because of the pending ordinance doctrine.

1. Section 308.27 of the Zoning Ordinance of the City of Hermitage provides that: "Billboards shall be permitted as a Conditional Use in the Light Industrial and Heavy Industrial Zoning Districts...."

2. The ordinance read, *inter alia,* "Chapter XXVII (Zoning), Part 3 (District Regulations), is amended by eliminating Section 308.27 in its entirety."

3. Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. § 10609.2. This Section was added by Section 2 of the Act of October 5, 1978, P.L. 1067. As discussed later, Section 609.1 provides municipalities with the procedure to adopt curative amendments.

4. The formal notice contained three findings; the first two discussed the 1991 enactment and the 1996 amendment respectively. The third finding stated "WHEREAS, Upon review of applicable case law and advice of legal counsel, the Hermitage Board of Commissioners took formal action on January 27, 1999, to declare its intent to to [sic] prepare a curative amendment to the Zoning Ordinance to include provisions for the placement of billboards in the City of Hermitage." (Resolution No. 4–99 of City of Hermitage, February 24, 1999.)

Regardless, the Board concluded that Urey's failure to file a permit was fatal to his attempted attack on the constitutionality of the ordinance. Urey appealed and on appeal the trial court took no additional evidence and affirmed the Board's decision. Urey brings this appeal.

■ In a case such as this, where the common pleas court took no additional evidence, our scope of review is limited to determining whether the zoning hearing board committed an error of law or manifestly abused its discretion. *Amcare 2 Partners v. Zoning Hearing Board of Haverford Township,* 148 Pa.Cmwlth. 112, 609 A.2d 887 (1992). The Board's findings of fact must be supported by "substantial evidence" which has been defined as such relevant evidence as reasonable minds might accept as adequate to support a conclusion. *Valley View Civic Association v. Zoning Board of Adjustment,* 501 Pa. 550, 462 A.2d 637, 639 (1983).

Urey raises three issues before this Court. We address them *seriatim.*

■ He first asserts that:

[He] had a permissible non-conforming use of a billboard in a commercial business district since it is a legitimate use, and *the city had no ordinances* regulating billboards when it was constructed and put into service.

(Urey's Brief at 8) (emphasis added). He essentially argues that since billboards were precluded everywhere, they could be built anywhere. He maintains that "once a challenger establishes *a total prohibition of a legitimate use, the burden shifts to the*

municipality to establish that the prohibition promotes health, safety, morals, and general welfare." (Urey's Brief at 10) (emphasis in original). In support of his position, Urey cites to *Adams Outdoor Advertising v. Borough of Coopersburg Zoning Hearing Board,* 155 Pa.Cmwlth. 591, 625 A.2d 768 (1993); *Amerada Hess Corp. v. Zoning Board of Adjustment,* 11 Pa.Cmwlth. 115, 313 A.2d 787 (1973). In conjunction with this argument, he also contends that he has established a valid pre-existing non-conforming use.

In response, the Board argues that the sole means for challenging the substantive validity of a zoning ordinance is established in Section 916.1 of the MPC.[5] The Board argues that, under this provision, a landowner cannot challenge an ordinance as exclusionary via an enforcement appeal. Additionally, the Board argues that Urey's method of challenging the ordinance undermines public policy and safety in that he began construction without seeking a permit. Further, it asserts that even if Urey can challenge the ordinance in the manner that he did, the challenge is defective because the appeal notice does not articulate the substantive challenge, in violation of Section 916.1(e) of the MPC, 53 P.S. § 10916.1(e) (requirement of public notice and display of explanatory material). *See also Crown Communications v. Zoning Hearing Board of the Borough of Glenfield,* 679 A.2d 271, 275 (1996), *affirmed,* 550 Pa. 266, 705 A.2d 427 (1997) (if an applicant wishes to raise a validity challenge at any time during a zoning hearing board proceeding, even if only as an alternative theory, it must make this known in

5. 53 P.S. § 10916.1. This Section was added by Section 99 of the Act of December 21, 1988, P.L. 1329. It pertinently provides that:
   (a) A landowner who, on substantive grounds, desires to challenge the validity of an ordinance or map or any provision thereof which prohibits or restricts the use

or development of land in which he has an interest shall submit the challenge either:
   (1) to the zoning hearing board under section 909.1(a); or
   (2) to the governing body under section 909.1(b)(4), together with a request for a curative amendment under section 609.1.

a public notice prior to the meeting in accordance with § 916.1 of the MPC).

We agree with Urey that the burden shifts to the municipality when a challenger establishes a total exclusion. *See, e.g., Amerada Hess,* 313 A.2d at 789 (finding that although a municipality "has the power to regulate signs and other advertising media . . . . a municipality has no power to place a blanket prohibition on all revolving signs . . . ."). However, we also agree with the Board that Section 916.1 of the MPC provides the **exclusive** mechanism for challenging the validity of a zoning provision.[6] In failing to proceed under its terms, and in failing to seek a permit for construction, Urey has forfeited his opportunity to challenge the ordinance. Public policy is not well served by allowing one to build in violation of an ordinance, wait until an enforcement action is commenced by the municipality, and then assert the unconstitutionality of the ordinance. In short, a procedure exists to challenge the constitutionality of an ordinance on the basis that it works as a total exclusion of a legitimate use; Urey should have availed himself of this procedure, but he did not.

■ Urey's second argument is that the City's curative amendment was not pending at the time he began to build his billboard. He argues that pending status is only attained "when the governing body *resolves to consider* a particular scheme of zoning, *advertises* its intent to the public and makes the proposed ordinance *available for inspection.*" (Urey's Brief at 12) (emphasis in original), paraphrasing *Washington Township v. Slate Belt Vehicle Recycling Center, Inc.,* 58 Pa.Cmwlth. 620,

428 A.2d 753 (1981). In contrast, the Board maintains that the pending ordinance provision first applies when the Commission formally indicated its intent to prepare a curative amendment on January 27, 1999.

■ We agree with the Board. The pending ordinance doctrine was judicially created to protect municipalities from the establishment of nonconforming uses on the eve of a zoning change. Under the doctrine, "a municipality may properly refuse a building permit for a land use repugnant to a pending and later lawfully enacted zoning ordinance even though the application for the permit is made when the intended use conforms to existing regulations." *Washington Township,* 428 A.2d at 755–56.

The cases cited by Urey do lend support to his position that the pending ordinance doctrine does not become effective until after the curative amendment has been published. However, the cases neither discuss nor apply the statutory authority of Section 609.2 of the MPC, but instead arise in the context of a denial of a request for a permit. This Section, as previously noted, provides the procedural mechanism by which a municipality may adopt an amendment to cure a defect in a zoning ordinance. It permits a municipality to announce its intention to cure a defect in the ordinance, and gives the municipality a 180–day period from the date of the announcement to draft and enact a curative amendment. During this 180–day period, the governing body need not entertain any curative amendments from landowners that relate to . amendments proposed by the governing board. Additionally, once the

---

6. *See Reynolds v. Zoning Hearing Board of Abington Township,* 134 Pa.Cmwlth. 382, 578 A.2d 629 (1990) (recognizing and applying the pre–1988 version of Section 916.1 of the MPC as the exclusive mechanism for challenging the validity of a zoning provision;

although this Section, former Section 1004, 53 P.S. § 11004, was repealed by Section 100 of the Act of December 21, 1988, P.L. 1329, for our purposes, those two Sections are identical.)

curative amendments are enacted, landowners lose all rights to cure pursuant to the prior ordinance. Pursuant to this Section, a municipality seeking to cure a substantially invalid zoning provision must, by formal action, declare the provision in question invalid and propose to prepare a curative amendment. Having done so, the municipality has thirty days in which to make a resolution that contains specific findings as to the need for the amendment, and begin to prepare a curative amendment. After taking these steps, "[w]ithin 180 days from the date of the declaration and proposal, the municipality shall enact a curative amendment." Section 609.2. Once the provision is enacted, property owners are precluded from pursuing any zoning claim predicated on the substantive invalidity of a zoning ordinance that may have accrued at any time following "the date of the declaration and proposal."

The Board's actions throughout this process were consistent with the mandates of the MPC. As required by Section 609.2 of the MPC, the City took its initial steps to cure the defect at the January 27, 1999 meeting. It then enacted a resolution to consider a curative amendment on February 24, 1999, and the ordinance became effective in June. Under the terms of Section 609.2, such efforts were sufficient to insulate the city from subsequent claims of invalidity.

■ The third issue raised is whether the trial court erred in permitting the introduction of the "alleged" minutes of the January 27, 1999 meeting by the City. Urey maintains that introduction of this evidence violated the Pennsylvania Rules of Evidence. He asserts that the trial court's review, since it did not act *de novo*, was limited to the record before the Board and the minutes of the January meeting were not transcribed until February 5, 2001, well after the Board meeting. The

Board maintains that the trial court properly reviewed the certified minutes of the meeting. It argues that a court may review such minutes to confirm a fact already in existence and that in the case *sub judice*, the court reviewed the minutes to confirm that the motion to correct the zoning defect had been publicly declared. Counsel for Urey did not object when the court asked to see this transcript. Further, the transcription bears a notarized cover page that it is a true and correct copy of the January minutes.

■ It is evident to this Court that the record is a true and accurate copy of the Board of Commissioners' January meeting and was prepared and maintained in the normal course of business operations, although not transcribed until later in time. This was a meeting open to the public and we find no evidentiary error in the trial court's action of asking to see the minutes to confirm what transpired at the meeting. A court is permitted to take judicial notice of legislative facts. *Appeal of D.S.*, 424 Pa.Super. 350, 622 A.2d 954, 957, n. 4 (1993).

Based on the foregoing discussion, the order of the trial court is affirmed.

### ORDER

**NOW,** September 4, 2002, the order of the Court of Common Pleas of Mercer County in the above-captioned matter is hereby affirmed.