**Howell v. North Heidelberg Township Zoning Hearing Board**

*Richard L. Orwig,* for appellants.

476

*Jon S. Malsnee,* for appellee North Heidelberg Township Zoning Hearing Board.

*Christopher J. Hartman,* for appellee North Heidelberg Township.

SPRECHER, *J.,* October 12, 2007—Appellants Robert and Karen Howell appeal from this court's order of May 23, 2007 denying their land use appeal and affirming the denial of their application for a special exception and variances by the North Heidelberg Township Zoning Hearing Board (appellee).

## FACTS

Appellants purchased a tract of land in North Heidelberg Township, Berks County Pennsylvania on February 6, 2004. (See notes of testimony, zoning hearing, September 7, 2006, at 13-14.) The size of the tract is 10.02 acres. (See N.T., zoning hearing, at 48, 69.) Church Road bisects the tract creating one parcel of approximately 0.7 acres (Parcel A) on the north side of Church Road and a second parcel of approximately 9.3 acres (Parcel B) on the south side of Church Road. (See N.T., zoning hearing, at 15-16, 86.) Appellants currently reside in a house on Parcel A. (See N.T., zoning hearing, at 16.) Appellants currently raise horses and lease a portion of Parcel B to a tenant farmer to grow alfalfa and grass for hay. (See N.T., zoning hearing, at 17, 24-25.) Appellants seek to construct a single-family home on Parcel B. (See N.T., zoning hearing, at 10.) Appellants seek to sell Parcel A and the home upon it. (See N.T., zoning hearing at 55.)

Appellants' tract is located in a district of North Heidelberg Township zoned as Agricultural Preservation (AP).

(See N.T., zoning hearing, at 35.) In this district, the township's zoning ordinance provides that the minimum acreage upon which a new single-family home can be constructed is 40 acres. (See reproduced record, exhibit B-4, at 3-25.) Appellants applied for a special exception from this requirement and for variances from the township's zoning ordinance on June 5, 2006. The zoning board, at a public hearing conducted on September 7, 2006 to consider appellants' application, denied appellants' application. (See N.T., zoning hearing at 125.)

Appellants filed a land use appeal with the Berks County Court of Common Pleas on November 3, 2006. On November 13, 2006, North Heidelberg Township filed a notice of intervention. After appellants filed a praecipe for argument on its land use appeal, this court heard argument on May 21, 2007. On May 23, 2007, this court denied appellants' land use appeal.

Appellants filed the instant appeal of this court's decision on June 19, 2007. By order filed July 2, 2007, this court directed appellants, pursuant to Pennsylvania Rule of Appellate Procedure 1925(b), to file and serve a concise statement of errors complained of on appeal. Appellants filed their concise statement on July 24, 2007, raising three issues:

"(1) The zoning decision in its proposed findings of fact fails to recognize Parcel A and Parcel B of the subject property as being divided by Church Road, thereby creating a natural subdivision of said property, and thereby creating Parcel B as an independent pre-existing nonconforming lot upon which a single-family residence may be properly constructed per the zoning ordinance.

"(2) The zoning decision failed to determine and designate by special exception under section 308.D. that the subject property is not agriculturally productive land due to its limited size and configuration, thereby rendering it unable to serve any economic and/or agriculturally viable purpose.

"(3) The zoning decision fails to approve the appellants' request for a variance from lot size requirements for Parcel A and Parcel B due to the pre-existing nonconforming configuration of the property caused by the bisecting state highway."

## DISCUSSION

This court's standard of review of an appeal of a zoning board decision is whether the zoning board committed an abuse of discretion or error of law. *One Meridian Partners LLP v. Zoning Board of Adjustment of City of Philadelphia,* 867 A.2d 706, 707-708 (Pa. Commw. 2005). Where, as in the present case, a trial court does not take any additional evidence, the Commonwealth Court's standard of review is the same. *Id.* An abuse of discretion is established where the decision is not supported by substantial evidence. *Id.* Substantial evidence is evidence that a reasonable mind might accept as adequate to support a conclusion. *Id.*

For the reasons stated below, this court found that the zoning board did not commit an abuse of discretion or error of law in denying appellants' application for a special exception and for variances from the township's zoning ordinance and asks the Commonwealth Court to deny appellants' appeal.

*Issue 1*

Appellants' first error claimed is that the zoning decision in its proposed findings of fact fails to recognize Parcel A and Parcel B of the subject property as being divided by Church Road, thereby creating a natural subdivision of said property, and thereby creating Parcel B as an independent pre-existing non-conforming lot upon which a single-family residence may be properly constructed per the zoning ordinance.

Despite appellants' claims, the zoning board's findings of fact in support of its decision did recognize that Church Road bisected Parcel A and Parcel B. (See R.R., zoning board decision, p. 5, ¶6.) However, the issues before the zoning board were whether or not a special exception and variances should be granted, not the issue of whether a pre-existing subdivision existed. Sections 111.D.3. and 4. of the township's zoning ordinance provide that the zoning hearing board has the exclusive authority to grant special exceptions and variances. (See R.R., exhibit B-4, at 1-10-11); see also, 53 P.S. §10909.1(a)(5) and (6). Conversely, the township supervisors have the authority to grant subdivision approval. 53 P.S. §10909.1(b)(2). Thus, even if Church Road created a natural subdivision, appellants would still be required to apply for subdivision approval with the township's supervisors. See *Washington Township v. Slate Belt Recycling Center Inc.,* 58 Pa. Commw. 620, 627, 428 A.2d 753, 757 (1981). Appellants acknowledged this fact at the zoning hearing on September 7, 2006. (See N.T., zoning hearing, at 93-94, 124.) Appellants' claim that their tract is naturally subdivided was thus not before the

zoning hearing board and thus not before this court. As such, appellee's findings of fact in support of its decision would not and should not address issues regarding the existence of an alleged natural subdivision of appellants' property. Accordingly, the zoning board did not abuse its discretion or commit an error of law. See *One Meridian Partners,* 867 A.2d at 707-708. Appellants' claim must fail on this basis.

## *Issue 2*

Appellants' next claimed error is that the zoning decision failed to determine and designate by special exception under section 308.D. that the subject property is not agriculturally productive land due to its limited size and configuration, thereby rendering it unable to serve any economic and/or agriculturally viable purpose.

Appellants sought a special exception, pursuant to section 308.D. of the township's zoning ordinance, from the designation of Parcel B as agriculturally productive land so that they may subdivide it from Parcel A and construct a home upon it. Appellants' land is located within the AP-zoned district. The minimum lot size upon which a new single-family home may be built in an AP-zoned district is 40 acres. However, if a lot is determined to be "not productive agricultural land," section 308.E.3. of the zoning ordinance provides that a lot may be subdivided into lots with a minimum lot size of one acre. Appellants argue they were entitled to the special exception due to the small size (9.3 acres) and configuration of Parcel B which renders the land not agriculturally productive.

Section 308.D.1. of the zoning ordinance provides that all land within the AP district shall be considered agriculturally productive land unless the zoning board deems it otherwise as a special exception. Section 308.D.1.a(2) of the township's zoning ordinance provides that the burden of proof to obtain special exception approval is upon the applicant. See also, *Vitti v. Zoning Board of Adjustment of City of Pittsburgh,* 710 A.2d 653, 659 (Pa. Commw. 1998).

Appellants claim that the size and configuration of the lot render it unable to serve any economically or agriculturally viable purpose. Section 308.A.5. does provide that one of the purposes of the AP district is "to promote agricultural tracts that are sufficient in size to allow efficient profitable operations that can support a family." However, this is only one of the purposes of the AP district. Section 308.A.3. states that another purpose of the AP district is "[t]o promote uses which support agricultural activity and provide supplemental income to farmers." Thus, there is no requirement under the zoning ordinance that a lot is of a size that makes it economically viable in order for it to be deemed agriculturally productive land.

Further, appellants' lot is agriculturally viable. Section 308.D.1.a(3) provides that the zoning hearing board will only deem land as not agriculturally productive if an applicant demonstrates "that the lot considered as a whole cannot be used for *any* agricultural use because of the existing features of the site." (emphasis added) These existing features include "awkward lot shape." Section 308.D.1.a(3). A review of the record shows that Parcel

B does have an awkward shape. (See R.R., exhibit B-3.) However, this awkward lot shape must make the land unable to serve any agricultural use. Section 308.D.1.a(3)(b) defines, in pertinent part, crop farming, pasturing, and raising of livestock as agricultural uses. Appellants currently raise four horses on Parcel B. (N.T., zoning hearing, at 17.) Appellants use the land for the pasturing and grazing of their horses. (N.T., zoning hearing, at 50, 52.) Appellants are also renting out four acres to a tenant farmer to raise alfalfa and grass for hay to feed these horses. (N.T., zoning hearing, at 24-25, 31-32.) It is clear then that the land does have agricultural uses as appellants are currently enjoying the benefits of these uses. Thus the board did not abuse its discretion or commit error in denying appellants' application for a special exception.

Additionally, appellants ignore other criteria used to determine whether land should be designated as agriculturally productive. The township performed a Land Evaluation and Site Assessment (LESA) of appellants' land, as provided for in section 308.F. of the township's zoning ordinance.[1] Section 308.D.1.a(4) of the zoning ordinance provides that where a lot has a LESA score of 120 or more "the entire existing lot shall be considered productive agricultural land." The LESA score for appellants' land was 219.5. (See R.R., exhibit T-1, at 3-30;

---

1. Section 308.F.1. states that a LESA is "system provid[ing] a method of determining the suitability of a lot for agricultural activities." This system is modeled upon the LESA system developed by the U.S. Department of Agriculture. See section 308.F.2. The system evaluates the soil of the lot for agricultural productivity as well as the features of the lot and of the area surrounding the lot.

N.T., zoning hearing, at 96.) The LESA determination thus supports the zoning board's finding that appellants' lot was agriculturally productive and thus not eligible for a special exception under section 308.D.

Likewise, section 308.D.1.a(5) provides that "[i]f the majority of the lot is currently farmed or farmed on a regular basis for the majority of the last 20 years, the lot will be considered agriculturally productive land. (See R.R., exhibit B-4 at 3-27.) The zoning board found that the majority of the lot was currently farmed or regularly farmed for the majority of the last 20 years. (See R.R., zoning board decision, p. 5, ¶11.) Appellants have failed to meet their burden under the zoning ordinance to show they were entitled to a special exception as they have presented no evidence disputing this finding.

For these reasons, appellants' second claimed error should be denied.

*Issue 3*

Appellants' final error claimed on appeal is that the zoning decision fails to approve the appellants' request for a variance from lot-size requirements for Parcel A and Parcel B due to the pre-existing non-conforming configuration of the property caused by the bisecting state highway (Church Road).

Appellants sought the following variances before the zoning hearing board: (1) a variance from the minimum lot size requirement for Parcel A, (2) a variance from the maximum building coverage percentage for Parcel A, (3) a variance from the minimum lot width at building setback requirement for Parcel B, and (4) a variance from

the minimum yard size, front-yard setback and rear-yard setback requirements for Parcel A. (See R.R., exhibit B-1, at 3.)

An applicant for a variance seeks permission to violate a zoning ordinance. *Boeing Co. v. Zoning Hearing Board of Ridley Township,* 822 A.2d 153 (Pa. Commw. 2003). Variances should be granted "sparingly and only under exceptional circumstances." *Laurento v. Zoning Hearing Board of Borough of West Chester,* 162 Pa. Commw. 226, 230, 638 A.2d 437, 439 (1994). (citation omitted) A variance should not be granted simply so that an owner may obtain a greater profit from the use of the property. *Id.* To qualify for a variance, an applicant must establish "(1) an unnecessary hardship stemming from unique physical circumstances or conditions of the property will result if the variance is denied; (2) because of such physical circumstances or conditions, there is no possibility that the property can be developed in strict conformity with the provisions of the zoning ordinance and a variance is necessary to enable the reasonable use of the property; (3) the hardship has not been created by the applicant; (4) granting the variance will not alter the essential character of the neighborhood nor be detrimental to the public welfare; and (5) the variance sought is the minimum variance that will afford relief." *Id.*

Section 111.D.3.b.(ii) of the township's zoning ordinance provides that an applicant for a variance must show unnecessary hardship so that there is "no possibility that the property can be developed in strict conformity with the provisions of the zoning ordinance and a variance is, therefore, necessary to enable the reasonable use of the property."

In this case, appellants currently reside on the premises and use it as a horse farm and crops are grown on the property by a tenant farmer. These uses are reasonable ones that conform to the uses of AP-zoned land. At the zoning hearing, appellants admitted that they sought a variance so that they might subdivide their property and ultimately sell the home on Parcel A and build a home for themselves on Parcel B. Thus appellants simply seek to increase their profit on their lot, a purpose for which a variance should not be granted. *Laurento,* 162 Pa. Commw. at 230, 638 A.2d at 439. Having their application denied by the zoning board has frustrated these plans. However, a variance is appropriate "only where the property, not the person, is subject to hardship." *One Meridian Partners,* 867 A.2d at 710 (quoting *Szmigiel v. Kranker,* 6 Pa. Commw. 632, 637, 298 A.2d 629, 631 (1972). Appellants have failed to show an unnecessary hardship so as to entitle them to their requested variances. Accordingly, this claim too must fail.

For the foregoing reasons, this court respectfully requests that the appellants' appeal be denied and this court's order of May 23, 2007 denying their land use appeal be affirmed.