IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In re: Appeal of 1600 Berks, LLC    :
                                     :
From a Decision of:  Zoning Board   :
of Adjustment                       :
                                     : No.  143 C.D. 2023
Appeal of: Darrell L. Clarke     : Argued:  April 9, 2024


BEFORE:   HONORABLE MICHAEL H. WOJCIK, Judge
                HONORABLE STACY WALLACE, Judge
                HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WALLACE                      FILED:  May 24, 2024


Darrell L. Clarke (Council President), former President[1] of the City of Philadelphia (City) Council, appeals from the January 12, 2023 order of the Court of Common Pleas of Philadelphia County (Common Pleas), reversing the decision of the City's Zoning Board of Adjustment (ZBA) and reinstating 1600 Berks, LLC's (Landowner) zoning permit ZP-2021-015157 (Permit), which the City's Department of Licenses and Inspections (L&I) issued to Landowner on January 5, 2022.  Before the parties submitted briefs on the merits of this appeal, Landowner filed an Application to Quash Council President's appeal (Application), arguing Council

---

[1]  Although Darrell L. Clarke was City Council President from the time he filed his appeal with the Zoning Board of Adjustment through briefing before this Court, he is no longer a member of the City Council.  *See* https://phlcouncil.com/council-members/ (last visited May 23, 2024); City Council President Darrell Clarke talks Philly's future as tenure comes to an end, https://www.nbcphiladelphia.com/news/politics/city-council-president-darrell-clarke-talks-phillys-future-as-tenure-comes-to-an-end/3718552/ (last visited May 23, 2024).

President lacked standing to appeal Common Pleas' order. Because we agree that Council President lacked standing to appeal Common Pleas' order, we quash Council President's appeal.

## I.     Background

Common Pleas set forth the facts underlying this appeal, which are not in dispute, as follows:

> In March 2019, City Council passed, and the Mayor signed into law, Bill 190058, which changed the zoning for [Landowner's] parcel from [Residential Single-Family Attached-5 (RSA-5)] to [Residential Multi-Family-4 (RM-4)]. [Landowner] submitted a proposal on November 19, 2021 to L&I seeking a permit to develop a 49-unit residential building on the site. In an RSA-5 zone, a 49-unit residential building is not permitted (absent a variance), but such a building is permitted as a matter of right in an RM-4 zone.
>
> On October 28, 2021, prior to [Landowner] applying for the [P]ermit, Philadelphia City Council had introduced Bill 210861 to change the zoning of the [Landowner's] parcel from RM-[4] back to RSA-5. The City Council Committee on Rules scheduled a hearing on Bill 210861 for November 22, 2021, and advertised the hearing at some point prior to November 17, 2021. On November 22, 2021, the Committee on Rules voted Bill 210861 out of committee for consideration by the full City Council. City Council passed Bill 210861 in December 2021, and the Mayor signed Bill 210861 into law on January 18, 2022. L&I issued the [P]ermit . . . to [Landowner] on January 5, 2022.

Reproduced Record (R.R.) at 577a-78a.

Council President appealed L&I's issuance of the Permit to the ZBA. *See id.* at 76a-77a. Council President asserted he had standing to appeal L&I's decision to the ZBA under Section 14-303(15)(a)(.1) of the City's Zoning Code[2] (Zoning Code), which provides "[a]ny final order, requirement, decision, or determination made by L&I pursuant to this Zoning Code may be appealed to the Zoning Board by any

---

[2]   City of Philadelphia, Pa., Zoning Code (2012), *as amended*.

person or organization affected by the decision or by any department or agency of the City."

At the ZBA's hearing, as well as in its post-hearing brief, Landowner challenged Council President's standing before the ZBA. *See* R.R. at 29a, 441a. The ZBA concluded, without providing any analysis, that Council President had standing to appeal L&I's decision to the ZBA pursuant to Section 14-303(15)(a)(.1) of the Zoning Code. *Id.* at 21a. Substantively, the ZBA determined the common law pending ordinance doctrine applies in the City even though it contradicts the Zoning Code's express pending ordinance doctrine. *Id.* at 21a-23a. Under the common law pending ordinance doctrine, "a zoning ordinance is pending when the municipality 'has resolved to consider a particular scheme of rezoning and has advertised to the public its intention to hold public hearings on the rezoning.'" *Id.* at 22a (citing *Washington Twp. v. Slate Belt Vehicle Recycling Ctr., Inc.*, 428 A.2d 753, 756 (Pa. Cmwlth. 1981)). Because City Council advertised its hearing on the rezoning before Landowner submitted the Permit application, the ZBA determined Bill 210861 was a pending ordinance under the common law pending ordinance doctrine. *Id.* at 23a. Therefore, the ZBA determined Landowner's Permit application was subject to Bill 210861 and, accordingly, L&I should not have issued Landowner's Permit. *Id.* at 24a.

Landowner appealed the ZBA's decision to Common Pleas. Council President intervened in Landowner's appeal.[3] *See* Original Record (O.R.), Item #5. After considering the record before the ZBA and the parties briefs and oral argument,

---

[3] Common Pleas' Case Management Order, filed on June 13, 2022, provided that "[a]ny party who entered an appearance before the [ZBA] has a right to intervene in this appeal by filing a Praecipe to Intervene . . . and serving it on all other parties within thirty (30) days of receipt of this notice." Original Record (O.R.), Item #3.

Common Pleas reversed the ZBA's decision. R.R. at 576a. Common Pleas determined the common law pending ordinance doctrine, which was derived from the Pennsylvania Municipalities Planning Code,[4] does not apply in the City, where the Zoning Code "is controlling and applicable." *Id.* at 580a-81a. Applying the Zoning Code's pending ordinance doctrine, which establishes that the date an ordinance becomes a pending ordinance is the date the bill is voted out of a Committee, Common Pleas determined Bill 210861 was not a pending ordinance when Landowner filed the Permit application. *Id.* at 579a-82a. Therefore, Common Pleas determined the ZBA erred in invalidating Landowner's Permit. *Id.* at 582a.

Council President appealed Common Pleas' order to this Court in his purported capacity "as designated representative of [City] Council." R.R. at 583a. Before this Court issued a briefing schedule, Landowner filed its Application, asserting Council President lacked standing to file this appeal. *See* Application, at 7. Specifically, Landowner asserts Section 17.1 of the First Class City Home Rule Act[5] (Home Rule Act)[6] and Section 14-303(15)(b)(.1) of the Philadelphia Zoning Code[7] provide standing to appeal a decision of the ZBA only to aggrieved persons

---

[4]  Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §§ 10101-11202.

[5]  Act of April 12, 1949, P.L. 665, *as amended*, 53 P.S. §§ 13101-13157.

[6]  Section 17.1 of the Home Rule Act provides:

> In addition to any aggrieved person, the governing body vested with legislative powers under any charter adopted pursuant to this act shall have standing to appeal any decision of a zoning hearing board or other board or commission created to regulate development within the city.

Added by the Act of November 30, 2004, P.L. 1523, 53 P.S. § 13131.1.

[7]  Section 14-303(15)(b)(.1) of the Zoning Code provides that "any aggrieved party or . . . City Council" may appeal a final decision of the ZBA to Common Pleas. In contrast, Section 14-303(15)(a)(.1) permits "any person or organization affected by the decision or . . . any department or agency of the City" to appeal a determination made by L&I to the ZBA.

and City Council, as a body. *See* Application, at 9-10. Landowner argues that Council President was: (a) not an aggrieved person, and (b) unable to individually appeal for City Council pursuant to this Court's decision in *O'Neill v. Philadelphia Zoning Board of Adjustment*, 169 A.3d 1241 (Pa. Cmwlth. 2017) (holding that individual councilmembers who are not aggrieved persons do not have standing to appeal from decisions of the ZBA in their individual capacity under Section 17.1 of the Home Rule Act and Section 14-303(15)(b)(.1) of the Zoning Code).

In his Answer to Landowner's Application, Council President asserts City Council "specifically adopted" Resolution No. 200064 (Resolution 200064) "to address City Council representation and standing in zoning appeals." Council President's Answer to Application, at 3. Council President also asserts Resolution 200064 resolved this Court's concerns in *O'Neill*. *See id.* at 4-8. While Council President concedes he is "not claiming to be personally aggrieved," he asserts he is properly exercising City Council's appellate rights pursuant to Resolution 200064. *Id.* at 7. Alternatively, Council President asserts City Council adopted Resolution No. 230311 (Ratifying Resolution) on April 7, 2023 (56 days after Council President filed his Notice of Appeal on February 10, 2023), and the Ratifying Resolution authorized and ratified Council President's pursuit of this appeal and cured any defects in his standing. *Id.* at 9-11.

By order filed June 12, 2023, this Court directed Landowner's Application to "be listed for disposition with the merits of the appeal." Thereafter, the parties filed briefs on the merits of Council President's appeal. Because we ultimately conclude Council President lacked standing to file this appeal, however, we need not address the merits of Council President's appeal.

5

## II. Analysis

This Court recently addressed Council President's assertion that he has standing to pursue appeals of ZBA decisions as City Council's designated representative pursuant to Resolution 200064. *See Appeal of Darrell L. Clarke*, ___ A.3d ____, ___ (Pa. Cmwlth., No. 249 C.D. 2023, filed May 24, 2024) (*Appeal of Clarke*). In *Appeal of Clarke*, we examined the full text of Resolution 200064 and concluded its "clear and unambiguous language does not authorize individual members of City Council to appeal decisions of the ZBA on behalf of City Council." ___ A.3d at ___, slip op. at 11. We also concluded that a resolution, similar to the Ratifying Resolution, which was adopted over one year after Council President filed his appeal with Common Pleas, "does not cure Resolution 200064's defects." ___ A.3d at ___, slip op. at 12. While City Council adopted the Ratifying Resolution 56 days after Council President filed this appeal, our analysis and conclusion in *Appeal of Clarke* still applies.

## III. Conclusion

For the reasons set forth more fully in *Appeal of Clarke*, ___ A.3d ___, we conclude neither Resolution 200064 nor the Ratifying Resolution authorized Council President's appeal in this matter. Therefore, Council President did not have standing to file this appeal under Section 17.1 of the Home Rule Act and Section 14-303(15)(b)(.1) of the Zoning Code. As a result, we grant Landowner's Application and quash this appeal.

 

_____

STACY WALLACE, Judge

Judge Dumas did not participate in the decision of this case.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In re: Appeal of 1600 Berks, LLC     :
    :
From a Decision of: Zoning Board     :
of Adjustment     :
    : No. 143 C.D. 2023
Appeal of: Darrell L. Clarke     :


# **O R D E R**


**AND NOW**, this 24th day of May 2024, upon review of 1600 Berks, LLC's April 4, 2023 Application to Quash the Appeal of Darrell L. Clarke (Application), as well as Darrell L. Clarke's Answer to the Application, the Application is **GRANTED** and the above-captioned appeal is **QUASHED**.


 

_____
STACY WALLACE, Judge