SEITEL DATA, LTD., Petitioner

v.

CENTER TOWNSHIP and Center
Township Board of Supervisors,
Respondents.

Seitel Data, Ltd., Petitioner

v.

Shippingport Borough and
Shippingport Borough
Council, Respondents.

Seitel Data, Ltd., Petitioner

v.

Greene Township and Greene Township
Board of Supervisors, Respondents.

Commonwealth Court of Pennsylvania.

Argued Nov. 12, 2013.

Decided March 7, 2014.

Reargument En Banc Denied
April 8, 2014.

Shawn N. Gallagher, Pittsburgh, for petitioner.

Michael B. Jones and Nicholas Urick, Aliquippa, for respondents.

BEFORE: LEADBETTER, Judge, and McCULLOUGH, Judge (P.), and COLINS, Senior Judge.

OPINION BY Judge McCULLOUGH.

In these three consolidated petitions for review [1] in our original jurisdiction, Seitel Data, Ltd. (Seitel) requests equitable and declaratory relief against three different municipalities, seeking to declare invalid or enjoin the enforcement of contractual agreement(s) and/or resolution(s) [2] that allegedly violate due process and equal protection and are preempted by section 3302 of the Unconventional Gas Well Impact Fee Act (Act 13), 58 Pa.C.S. § 3302.[3] In all three petitions, Seitel asserts that this Court has original jurisdiction over the matters pursuant to section 3306(1) of Act 13, 58 Pa.C.S. § 3306(1).[4] The municipali-

---

1. By order dated November 13, 2013, this Court consolidated the petition for review at 492 M.D. 2013 with the petitions for review at 493 M.D. 2013 and 494 M.D. 2013.

2. As explained in more detail below, the averments in Seitel's petitions for review establish that the allegedly unlawful conduct of Center Township (492 M.D. 2013) and Shippingport Borough (493 M.D. 2013) stems from a contractual arrangement rather than a resolution/ordinance, while Greene Township's allegedly unlawful conduct involves an enacted resolution, which Greene Township contends has recently been rescinded.

3. In general, section 3302 preempts any ordinance that regulates or enters the field of oil and gas operations. See 58 Pa.C.S. § 3302 ("Except with respect to local ordinances adopted pursuant to the [Municipalities Planning Code (MPC), Act of July 31, 1968 as amended, 53 P.S. §§ 10101–11202] and ... the Flood Plain Management Act, all local ordinances purporting to regulate oil and gas operations ... are hereby superseded. No local ordinance adopted pursuant to the MPC or the Flood Plain Management Act shall contain provisions which impose conditions, requirements or limitations on the same features of oil and gas operations regulated by [this Chapter]...."). Although in Robinson Township v. Commonwealth, —— Pa. ——, 83 A.3d 901 (2013), our Supreme Court struck down portions of Act 13 as unconstitutional, section 3302 remains operative. See id. at 999–1000.

4. This provision states: "Notwithstanding any provision of 42 Pa.C.S. Ch. 85 Subch. C (relating to actions against local parties), any person who is aggrieved by **the enactment or enforcement of a local ordinance** that violates the MPC, this chapter or Chapter 32 **may bring an action in Commonwealth Court to invalidate the ordinance or enjoin its enforcement."** 58 Pa.C.S. § 3306(1) (emphasis added).

ties have filed preliminary objections, which contend, as a predominate issue, that this Court lacks subject matter jurisdiction to entertain Seitel's claims because none of the municipalities currently have a resolution or ordinance in effect that regulates oil or gas operations. After considering the parties' briefs and arguments, this Court concludes that we do not have subject matter jurisdiction and we will grant the municipalities' preliminary objections in this regard. Rather than dismiss Seitel's petitions for review, we will transfer these matters to the Court of Common Pleas of Beaver County.

## I. Background

### A. Factual Allegations and Requests for Relief

On October 3, 2013, Seitel filed three petitions for review in this Court: one naming Center Township and Center Township Board of Supervisors (collectively, Center Township) as respondents (492 M.D. 2013); one naming Shippingport Borough and Shippingport Borough Council (collectively, Shippingport Borough) as respondents (493 M.D. 2013); and one naming Greene Township and Greene Township Board of Supervisors (collectively, Greene Township) as respondents (494 M.D. 2013). The relevant facts of these cases, as stated in Seitel's petitions for review, are as follows.

Initially, Seitel avers the following facts that are common to all three cases. Seitel conducts seismic surveys in Allegheny and Beaver Counties and provides the data to businesses in the oil and gas industry. Seitel has entered into contracts with property owners in Center Township, Shippingport Borough, and Greene Township and has the right to conduct seismic surveys on and across these private properties. Seitel has also obtained the necessary permits from the Pennsylvania Department of Environmental Protection and the Pennsylvania Department of Transportation, including a blasting activities permit, to conduct seismic surveys. On September 3, 2013, in the unrelated cases of *Seitel Data, Ltd. v. Hopewell Township*, 388 M.D.2013, and *Seitel Data Ltd. v. Potter Township*, 389 M.D.2013, the Honorable Keith B. Quigley entered a single-judge order preliminarily enjoining Hopewell and Potter Townships (who are not parties to these cases) from enforcing municipal laws—Hopewell Resolution No. 2013–7 and Potter Township Ordinance No. 2013–124—that purport to regulate seismic operations. Judge Quigley concluded that the processes and permit applications sanctioned by the municipal laws and employed by the townships·were arbitrary and inviting of discriminatory enforcement, but he did not address the issue of Act 13 preemption. (Petition for Review (PR), 492 M.D. 2013, ¶¶ 1, 9–10, 19–20; PR, 493 M.D. 2013, ¶¶ 1, 9–10, 17–18; PR, 494 M.D. 2013, ¶¶ 1, 9–10, 4, 13.)

Seitel alleges that Center Township, Shippingport Borough, and Greene Township [5] either enacted (or considered enacting) resolutions substantially similar to those laws in the *Hopewell* and *Potter* cases or sought to execute contractual agreements with terms mirror the requirements and provisions of the resolution and ordinance in the *Hopewell* and *Potter* cases.

Specifically, at 492 M.D. 2013, Seitel alleges that on July 24, 2013, it was advised by Center Township's solicitor that Center Township does **not** have—nor would it adopt—a resolution that regulates seismic operations. However, on September 25, 2013, Center Township drafted and presented to Seitel a contract, which Seitel

---

5. The solicitor for these three townships/boroughs is the same person/law firm.

terms a "Seismic Agreement." Center Township required Seitel to sign the Seismic Agreement before conducting seismic surveys on property located within Center Township. According to Seitel, the Seismic Agreement includes a near verbatim restatement of the same seismic regulations and requirements that were enjoined in the *Hopewell* and *Potter* cases. (PR, 492 M.D. 2013, ¶¶ 18, 23, 54, 62–63.)

At 493 M.D. 2013, Seitel avers that in August 2013, Shippingport Borough considered adopting the resolution and/or ordinance at issue in the *Hopewell* and *Potter* cases. However, Shippingport Borough later decided **not** to adopt a resolution or ordinance and never did adopt a resolution or ordinance. Instead, in September 2013, Shippingport Borough required Seitel to execute a "Seismic Agreement" before conducting seismic surveys on properties located within Shippingport Borough. According to Seitel, the Seismic Agreement includes a near verbatim restatement of the same seismic regulations and requirements that were enjoined in the *Hopewell* and *Potter* cases. (PR, 493 M.D. 2013, ¶¶ 13, 19–20, 31–38.)

At 494 M.D. 2013, Seitel contends that on April 1, 2013, Greene Township **adopted** Resolution 08–2013, which Seitel terms a "Seismic Resolution." On July 1, 2013, Greene Township amended and replaced the Seismic Resolution in its entirety with a new resolution, Resolution 16–2013, which Seitel dubs the "Amended Seismic Resolution." Allegedly, the Amended Seismic Resolution is identical to the resolution and ordinance at issue in the *Hopewell* and *Potter* cases and was purportedly adopted without proper public notice and was never recorded. Pursuant to the provisions of the Amended Seismic Resolution, Greene Township advised Seitel to submit an application for a "Township Seismic Activities Permit." Greene

Township's solicitor later informed Seitel that Greene Township would take action to rescind the Amended Seismic Resolution, and that Greene Township would not apply the Amended Seismic Resolution to Seitel's activities, but, instead, would require the execution of a Seismic Agreement. However, this agreement mandated that Seitel "comply with any provisions relative to seismic operations" within Greene Township, ostensibly including the terms and conditions of the Amended Seismic Resolution. (PR, 494 M.D. 2013, ¶¶ 13, 22–23, 39, 43, 56, 66, 70, 77–78.)

In all three cases, Seitel's petitions for review allege a pattern of conduct on the part of Center Township, Shippingport Borough, and Greene Township that evinces unreasonable delay and ever-changing requirements for Seitel to fulfill in order to conduct seismic activities. For example, at 492 M.D. 2013, Seitel asserts, among other things, that Center Township advised Seitel in early 2013 that it might pass a resolution regulating seismic activity; over the course of the next eight months, Center Township refused to accept or consider Seitel's permit applications because of the pending ordinance doctrine; then, on July 24, 2013, Center Township informed Seitel that it would not enact a resolution, but, instead, would require Seitel to sign the Seismic Agreement; and finally, disputes over and misrepresentations regarding that agreement and a permit application further delayed the process. (PR, 492 M.D. 2013, ¶¶ 13, 16, 18, 23, 45–50, 54, 63.) At 493 M.D. 2013 and 494 M.D. 2013, Seitel alleges that Shippingport Borough and Greene Township engaged in substantially similar conduct. (PR, 493 M.D. 2013, ¶¶ 13, 16, 19, 31–33, 38; PR, 494 M.D. 2013, ¶¶ 14, 21, 22, 32, 43, 57, 66.)

At 492 M.D. 2013 and 493 M.D. 2013, Seitel asserts three identical claims against Center Township and Shippingport Bor-

ough: (1) a count for declaratory relief, contending that the Seismic Agreements violate due process and equal protection because the agreements are arbitrary and not rationally related to a legitimate public purpose; (2) a count for declaratory relief, asserting that the Seismic Agreements are preempted by Act 13 because they regulate "oil and gas operations;" and (3) and a general count for permanent injunctive relief on the basis that Seitel has no adequate remedy at law. (PR, 492 M.D. 2013, ¶¶ 71–93; PR, 493 M.D. 2013, ¶¶ 51–73.)

At 494 M.D. 2013, Seitel asserts four claims against Greene Township and seeks, as relief: (1) a declaration that the Amended Seismic Resolution is invalid due to procedural defects; (2) a declaration that the Amended Seismic Resolution is preempted by Act 13 because it regulates "oil and gas operations;" (3) a declaration that the Amended Seismic Resolution violates due process and equal protection because it is arbitrary and not rationally related to a legitimate public purpose; and (4) an injunction permanently enjoining the enforcement of the Amended Seismic Resolution. (PR, 494 M.D. 2013, ¶¶ 92–121.)

## B. Preliminary Objections and Responses

### (1) Lack of Jurisdiction—Center Township (492 M.D. 2013) and Shippingport Borough (493 M.D. 2013)

In preliminary objections filed October 11, 2013, Center Township and Shipping-

port Borough contend that this Court lacks subject matter jurisdiction and that Seitel failed to state a claim upon which relief can be granted. Center Township and Shippingport Borough argue that they did not enact a resolution or ordinance regulating seismic operations, and, absent a duly enacted ordinance, this Court does not have jurisdiction under section 3306(1) because there is no ordinance to invalidate or enjoin from enforcement.[6]

### Seitel's Response

In a responsive brief filed on October 18, 2013, Seitel maintains that Center Township and Shippingport Borough's argument that there must be a properly enacted "ordinance" is a "semantics game." (Seitel's brief at 34.) Seitel asserts that this Court's jurisdiction under section 3306(1) "is not limited to matters concerning just ordinances adopted in accordance with applicable statutory procedures and formalities." *Id.* According to Seitel, "[t]he application and enforcement of 'unwritten' or otherwise not officially adopted ordinances or regulations is an impermissible use of legislative authority or police power authority under Pennsylvania law." *Id.* at 34–35. On this basis, Seitel contends that the regulations imposed by the Seismic Agreements are sufficient to confer this Court with jurisdiction. Alternatively, Seitel asserts that Center Township and Shippingport Borough are, in essence, trying to enforce **Greene Township's**

6. Shippingport Borough also raises two other preliminary objections. First, Shippingport Borough asserts that Seitel's petition for review is not ripe for review because it provided Seitel with an Excess Maintenance Agreement (EMA) for the use of Borough-owned roads and Seitel has refused to sign it, thus failing to comply with the requirements of 67 Pa. Code § 189.1. Second, Shippingport Borough seeks to strike paragraphs 12 through 18 in the petition for review on the ground that they contain impertinent matter. These paragraphs reference and discuss the litigation in the *Hopewell* and *Potter* cases, and Shippingport Borough claims that because it has no ordinance regulating seismic activity, these "allegations are immaterial and have no bearing or influence" in the case at hand. (Shippingport's brief at 10.) Due to our disposition, we decline to address these preliminary objections and will dismiss them as moot.

Amended Seismic Resolution through the Seismic Agreements.

## (2) Lack of Jurisdiction–Greene Township (494 M.D. 2013)

In preliminary objections filed October 11, 2013, Greene Township contends that this Court lacks subject matter jurisdiction and that Seitel failed to state a claim upon which relief can be granted. Greene Township states that although it adopted a Seismic Resolution and replaced it with an Amended Seismic Resolution, this resolution has been **rescinded** by its Board of Supervisors following Judge Quigley's September 3, 2013 order.

By *per curiam* order dated October 31, 2013, this Court directed the parties "to address at argument on preliminary objections set for November 12, 2013, whether Greene Township validly rescinded [the Amended Seismic Resolution] and to file with the Court any document reflecting such rescission." (Order, 10/31/2013, at 1.)

In correspondence dated November 7, 2013, Greene Township provided this Court with a copy of Resolution 24–2013, enacted on November 4, 2013. This resolution states that the original Seismic Resolution (Resolution 08–2013) was repealed on July 1, 2013, and replaced in its entirety with the Amended Seismic Resolution (Resolution 16–2013); the Amended Seismic Resolution was then rescinded on October 7, 2013. (Greene Township's Exhibit to Preliminary Objections, 11/7/2013.) In subsequent correspondence dated November 18, 2013, Greene Township submitted to this Court a copy of the official meeting minutes for October 7, 2013; these minutes reflect that the Board of Supervisors voted all in favor of rescinding the Amended Seismic Resolution. (Greene Township's Exhibit to Supplement Preliminary Objections, 11/18/2013.)

In light of this documentary evidence, Greene Township asserts that because the Amended Seismic Resolution has been rescinded, this Court does not have jurisdiction under section 3306(1) because there currently is no resolution or ordinance to invalidate or enjoin from enforcement.[7]

**Seitel's Response**

In a responsive brief filed on October 18, 2013, Seitel argues that it specifically pled that Greene Township adopted the Amended Seismic Resolution, purporting to regulate Seitel's operations in a manner that violates Act 13, and that Greene Township sought to enforce the provisions of this resolution. Seitel maintains that these well-pled facts must be accepted as true for purposes of preliminary objections.

In addition, Seitel dismisses Greene Township's argument that the Amended Seismic Resolution has been rescinded because this factual averment was first raised by Greene Township in a preliminary objection and must be disregarded as an impermissible speaking demurrer. However, Seitel has not filed a response or otherwise voiced an objection to Greene Township's submission to this Court of Resolution 24–2013 and the official meeting minutes for October 7, 2013.

## II. Standard of Review

 Under Pa.R.C.P. No. 1028(a)(1), preliminary objections may be filed to a petition for review, asserting that the court lacks jurisdiction over the subject matter

---

7. Greene Township also asserts that Seitel's petition for review is not ripe for review because it has provided Seitel with an EMA for the use of Borough-owned roads and Seitel has refused to sign it, thus failing to comply with the requirements of 67 Pa.Code § 198.1. Due to our disposition, we decline to address this preliminary objection and will dismiss it as moot.

of the action. In reviewing preliminary objections, all material facts averred in the complaint, and all reasonable inferences that can be drawn from them, are admitted as true. *Vattimo v. Lower Bucks Hospital, Inc.*, 502 Pa. 241, 244, 465 A.2d 1231, 1232 (1983); *Fletcher v. Pennsylvania Property & Casualty Insurance Guaranty Association*, 914 A.2d 477, 479 n. 2 (Pa. Cmwlth.2007), *aff'd* 603 Pa. 452, 985 A.2d 678 (2009). However, a court need not accept as true conclusions of law, unwarranted inferences, argumentative allegations, or expressions of opinion. *Portalatin v. Department of Corrections*, 979 A.2d 944, 947 (Pa.Cmwlth.2009). "Preliminary objections should be sustained only in cases that are clear and free from doubt." *Pennsylvania AFL–CIO v. Commonwealth*, 563 Pa. 108, 114, 757 A.2d 917, 920 (2000).

### III. Discussion—Lack of Jurisdiction

■■■ "[W]henever a court discovers that it lacks jurisdiction over the subject matter or a cause of action, it is compelled to dismiss the matter under all circumstances...." *Hughes v. Pennsylvania State Police*, 152 Pa.Cmwlth. 409, 619 A.2d 390, 393 (1992).

> Jurisdiction over the subject matter is conferred solely by the Constitution and laws of the Commonwealth. The test for whether a court has subject matter jurisdiction inquires into the competency of the court to determine controversies of the general class to which the case presented for consideration belongs. Thus, as a pure question of law, the standard of review in determining whether a court has subject matter jurisdiction is *de novo* and the scope of review is plenary. Whether a court has subject matter jurisdiction over an action is a fundamental issue of law which may be raised at any time in the course

of the proceedings, including by a reviewing court *sua sponte*.

*Commonwealth v. Locust Township*, 600 Pa. 533, 545, 968 A.2d 1263, 1268–69 (2009).

The Judicial Code vests this Court with original jurisdiction where such jurisdiction is conferred by any statute. 42 Pa. C.S. § 761(a)(4) ("The Commonwealth Court shall have original jurisdiction of all civil actions or proceedings: Original jurisdiction of which is vested in the Commonwealth Court by any statute hereafter enacted."). Pursuant to section 3306(1) of Act 13, this Court is vested with original jurisdiction in the limited situation where a person "is aggrieved by **the enactment or enforcement of a local ordinance** that violates the [Municipalities Planning Code], [Act 13] or Chapter 32." *Id.* (emphasis added). If a person is so aggrieved, that person "may bring an action in Commonwealth Court **to invalidate the ordinance or enjoin its enforcement**." *Id.* (emphasis added).

■■■ In their petitions for review and preliminary objections, the parties do not differentiate an ordinance from a resolution and apparently presume that they are one and the same. However, this Court has explained:

> As a general rule, a resolution does not have the effect of a law or an ordinance. It is usually viewed merely as "a formal expression of the opinion or will of an official body or a public assembly, adopted by vote." *McGinley v. Scott*, 401 Pa. 310, 321, 164 A.2d 424 (1960); Sutherland Statutory Construction, § 29.01. However, the name given to a particular enactment is not important to determine whether it has the legal effect of an ordinance but rather whether the requirements which are essential to the validity of an ordinance were observed in the passage, approval, recording and

publication of resolutions where the action of councils is legislative. *Gallagher v. Borough of Olyphant*, 181 Pa. 191, 198, 37 A. 258 (1897)....

*Middletown Township v. County of Delaware Uniform Construction Code Board of Appeal*, 42 A.3d 1196, 1201–02 n. 8 (Pa. Cmwlth.2012).

▉▉▉ When interpreting a statute, this Court is guided by the Statutory Construction Act of 1972, 1 Pa.C.S. §§ 1501–1991, which states that "[t]he object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly." 1 Pa.C.S. § 1921(a). "The clearest indication of legislative intent is generally the plain language of a statute." *Walker v. Eleby*, 577 Pa. 104, 123, 842 A.2d 389, 400 (2004). "When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa.C.S. § 1921(b). Only when the words of the statute are not explicit may this Court resort to statutory construction. 1 Pa.C.S. § 1921(c).

▉▉▉ The unambiguous language of section 3306(1) demonstrates that original jurisdiction is conferred upon this Court, if, and only if, there is an "ordinance," specifically one that is either "enacted" or one that is "enacted" and sought to be "enforced." Black's Law Dictionary describes an "ordinance" as "[a]n authoritative law or decree" and explains that an ordinance "is a legislative enactment . . . as much as an act of the state legislature." Black's Law Dictionary 1208 (9th Ed. 2009) (citation omitted). Similarly, Pennsylvania case law recognizes that ordinances are legislative acts in which a governing municipal body uses its official authority to vote and adopt a law. *Buckwalter v. Borough of Phoenixville*, 603 Pa. 534, 985 A.2d 728 (2009) (concluding that an ordinance was a legislatively-enacted "law" for purposes of PA. CONST. art. III, § 27); *Commonwealth ex rel. Millard Construction Co. v. Walton*, 236 Pa. 220, 222–23, 84 A. 766, 767 (1912); *Vare v. Walton*, 236 Pa. 467, 84 A. 962 (1912) (stating that "an ordinance . . . once passed by councils and signed by the mayor, if within the power given by the legislature to it, is a final and accomplished act...."). Accordingly, it cannot be disputed that an "ordinance," by virtue of being a law in the traditional sense, must follow certain procedural requirements pertaining to the method and manner of its adoption in order to be denoted as such. *See Middletown Township*, 42 A.3d at 1201–02 n. 8.

**A. Center Township (492 M.D. 2013) and Shippingport Borough (493 M.D. 2013)**

▉▉▉ In the petitions for review at 492 M.D. 2013 and 493 M.D. 2013, Seitel concedes that Center Township and Shippingport Borough have not enacted an ordinance, or a resolution duly enacted as an ordinance, that regulates seismic activities. Naturally, Center Township and Shippingport Borough cannot enforce a resolution or ordinance that does not exist. We decline Seitel's invitation to construe the term "ordinance" in section 3306(1) to include "unwritten or otherwise not officially adopted ordinances." (Seitel's brief at 34–35). This proposed construction contravenes the natural meaning of the word "ordinance" and disregards the official process and procedure that not only is necessary to create and effectuate an ordinance, but also differentiate official lawmaking activity from other forms of municipal business.

▉▉▉ Moreover, although Center Township and Shippingport Borough sought to impose the conditions of the Seismic Agreements upon Seitel, these contracts,

regardless of their terms or the underlying intent of the municipalities in proposing them, cannot be viewed as being a duly enacted "ordinance." In *Board of Commissioners of Lower Merion Township v. Haslett*, 69 Pa.Cmwlth. 1, 450 A.2d 298, 300–01 (1982), this Court rejected the argument that a subdivision agreement between a property owner and a township was an official regulation or ordinance because the subdivision agreement resembled a contract and there was "no evidence in the record that it was ever published in a manner regulations usually are, or that it was ever formally adopted, mentioned or specifically incorporated into the existing ordinance." *Id.* Similarly, here, the Seismic Agreements are contractual agreements by their very nature, and the averments in Seitel's petitions for review establish that they we not officially adopted as ordinances.

Finally, we reject Seitel's novel contention that Center Township and Shippingport Borough are enforcing **Greene Township's** Amended Seismic Resolution via the Seismic Agreements. We do so for three principal reasons.

■ First, Seitel's argument runs contrary to law because a township or borough has no authority to enforce local laws enacted beyond its borders. *Cf. Smith v. Spring Garden Township*, 34 Pa. D. & C.2d 54, 59 (1964) ("[I]t is fundamental that [the City's] own municipal legislation is limited to its corporate boundaries, and cannot be exercised outside thereof") (citations to treatises omitted). Consequently, as a matter of law, Center Township and Shippingport Borough cannot enforce Greene Township's Amended Seismic Resolution.

■ Second, even assuming, *arguendo,* that these municipalities possess the legal authority to enforce the Amended Seismic Resolution, this does not alter the fact that Seitel pled that the Amended Seismic Resolution did not fulfill the essential requirements necessary to create a valid ordinance. Particularly, Seitel averred that "[t]he Amended Seismic Resolution ... was not advertised, subject to public inspection, nor was it ever recorded in [Greene Township's] book of ordinances." (PR, 494 M.D. 2013, ¶ 56.) Among other things, a resolution must be published and recorded in order to attain the status of an "ordinance." *Middletown Township*, 42 A.3d at 1201–02 n. 8. *See also Schadler v. Zoning Hearing Board of Weisenberg Township*, 578 Pa. 177, 184–87, 850 A.2d 619, 624–25 (2004) (explaining that "recordation [is] required for adoption and that only upon adoption could an ordinance become effective."); *Lower Gwynedd Township v. Gwynedd Properties, Inc.,* 527 Pa. 324, 327–29, 591 A.2d 285, 286–88 (1991) (discussing how an ordinance must meet the "publication requirements" in order to be valid). Because Seitel specifically alleged that the Amended Seismic Resolution was not a duly enacted ordinance, we must accept this averment as true for purposes of demurrer. *Fletcher,* 914 A.2d at 479 n. 2. Accordingly, Seitel has failed to demonstrate that Center Township and Shippingport Borough are enforcing an "ordinance" for purposes of jurisdiction under section 3306(1) of Act 13.

Third, and along these same lines, the averments in Seitel's petition for review are markedly insufficient to sustain an inference that the Amended Seismic Resolution was approved, recorded, and published in the manner necessary to effectuate an "ordinance." *See Middletown Township,* 42 A.3d at 1201–02 n. 8. Indeed, aside from failing to allege these essential elements, Seitel, as explained above, has actually pled facts proving that Greene Township has not enacted a valid "ordinance."

If Greene Township's Amended Seismic Resolution does not qualify as a duly enacted ordinance, then Center Township and Shippingport Borough cannot enforce it, and Seitel has no basis to enjoin the Amended Seismic Resolution on the ground that it is an "ordinance" as that term is used in section 3306(1) of Act 13.

Therefore, because there is no duly enacted "ordinance" regulating seismic activities present in these cases, this Court concludes that we lack subject matter jurisdiction over Seitel's claims. Accordingly, we grant the preliminary objections of Center Township and Shippingport Borough.

### B. Greene Township (494 MD 2013)

In the petition for review at 494 M.D. 2013, Seitel avers that Greene Township enacted the Amended Seismic Resolution and that this resolution regulates seismic operations.

However, for the reasons discussed above, we conclude that Seitel has failed to allege sufficient facts to establish that the Amended Seismic Resolution is a duly enacted "ordinance." Therefore, because Seitel's averments demonstrate that the Amended Seismic Resolution is not an "ordinance," which is a prerequisite for jurisdiction under section 3306(1) of Act 13, this Court concludes that we lack subject matter jurisdiction.

■■■ Even assuming, *arguendo*, that the Amended Seismic Resolution was a duly enacted ordinance, Greene Township's exhibits nonetheless indicate that the Amended Seismic Resolution was replaced and/or rescinded and is no longer enforceable.[8]

■■■ Typically, when ruling on a preliminary objection that seeks to dismiss a petition for review, Pennsylvania pleading rules prohibit this Court from considering factual material that is not contained within the four corners of the petition for review. *See Mobley v. Coleman*, 65 A.3d 1048, 1053 (Pa.Cmwlth.2013) ("[A] court cannot consider matters collateral to the complaint, but must limit itself to such matters as appear therein, and an effort to supply facts missing from the objectionable pleading makes the preliminary objection in the nature of a demurrer an impermissible 'speaking demurrer.' "). However, pursuant to section 6107 of the

8. In passing, we note, *sua sponte*, that Greene Township's Amended Seismic Resolution (Resolution 16–2013), passed on July 1, 2013, states that it was "a [r]esolution **amending** and **replacing** in its entirety **Resolution No.2013–08**," *i.e.*, the original Seismic Resolution. (PR, 494 M.D. 2013, Ex. 13) (emphasis added). The October 7, 2013 minutes state that: "The Solicitor recommended **rescinding Resolution 16–2013** regarding seismic testing.... Motioned by Mike Allison, Seconded by John Allison. All were in favor." (Greene Township's Exhibit to Supplement Preliminary Objections, 11/18/2013.) However, **Resolution 24–2013**, enacted on November 4, 2013, states that pursuant to the October 7, 2013 minutes, the resolution was "ratifying the **rescission of Resolutions 2013–08 and 2013–16**;" that "Resolution 08–2013 was **repealed** and replaced in its entirety by Resolution 16–2013;" that the Board of Supervisors' intent in passing the motion on October 7, 2013 was that "Resolution 08–2013 remain **repealed** and not **revived** by the rescission of Resolution 16–2013;" and that in "rescinding Resolution 16–2013, Resolution 08–2013 was not **revived** but was intended to and shall remain **rescinded**." (Greene Township's Exhibit to Preliminary Objections, 11/7/2013) (emphasis added).

Because Seitel does not dispute that Resolution 24–2013 validly rescinded the Amended Seismic Resolution, we need not consider the apparent discrepancies in the language employed in the Amended Seismic Resolution, the October 7, 2013 minutes, and Resolution 24–2013. Nor need we address what effect, if any, these discrepancies have on Greene Township's purported rescission of the Amended Seismic Resolution.

Judicial Code, an exception exists by permitting a court to take judicial notice of municipal ordinances. In pertinent part, section 6107 states:

**§ 6107. Judicial notice of certain local government ordinances.**

(a) General rule.—The ordinances of municipal corporations of this Commonwealth shall be judicially noticed.

(b) Manner of proving ordinances.—The tribunal may inform itself of such ordinances in such manner as it may deem proper and the tribunal may call upon counsel to aid it in obtaining such information.

42 Pa.C.S. § 6107(a), (b). *See McClimans v. Board of Supervisors, Shenango Township,* 107 Pa.Cmwlth. 542, 529 A.2d 562, 565–66 (1987) (holding that this Court has explicit authority under section 6107 to contact counsel in order to obtain information regarding an ordinance). If this Court can take judicial notice of and obtain information from counsel regarding ordinances, it naturally follows that we are able to do the same with respect to official municipal action reflecting the replacement or rescission of an ordinance.

In accordance with section 6107 of the Judicial Code, this Court takes judicial notice of Greene Township's Resolution 24–2013 and the official meeting minutes for October 7, 2013. 42 Pa.C.S. § 6107(a); *Urey v. Zoning Hearing Board of City of Hermitage,* 806 A.2d 502, 507 (Pa.Cmwlth. 2002) (taking judicial notice of the official minutes of a city's meeting). These documents establish that the original Seismic Resolution (2013–08) was amended and replaced in its entirety on July 1, 2013, with the Amended Seismic Resolution (2013–16) and indicate that the Amended Seismic Resolution (2013–16) was rescinded by Greene Township's Board of Supervisors on October 7, 2013; further, these docu-

ments reflect that on November 4, 2013, the Board passed a resolution (24–2013) ratifying the rescission of Resolutions 2013–08 and 2013–16. Although given the opportunity to do so, Seitel has not challenged the authenticity or veracity of Resolution 24–2013 or the official meeting minutes for October 7, 2013, and does not dispute that they demonstrate that the Amended Seismic Resolution has been effectively rescinded. Therefore, this Court concludes that we lack subject matter jurisdiction because there is no "ordinance" currently present in this case that regulates seismic activity. *See Floors, Inc. v. Altig,* 963 A.2d 912, 918–20 (Pa.Super.2009) (concluding that a trial court did not err in taking judicial notice of an official agreement that was filed with the prothonotary and attached to the defendant's preliminary objections and using it as the basis upon which to strike the plaintiff's mechanics' lien); *Appeal of D.S.,* 424 Pa.Super. 350, 622 A.2d 954, 958 (1993) ("If the evidence derived from judicial notice remains unrebutted, it may support a finding of fact."). Accordingly, we grant Greene Township's preliminary objection.

**IV. Conclusion**

For the foregoing reasons, this Court grants the preliminary objections of Center Township, Shippingport Borough, and Greene Township, concluding that we do not possess subject matter jurisdiction over Seitel's petitions for review. Due to our disposition, we dismiss as moot Shippingport Borough's and Greene Township's preliminary objections regarding ripeness and impertinent matter. *See supra* nn. 6 and 7.

▮▮ Rather than dismiss Seitel's petitions for review, this Court, under the authority of section 5103(a) of the Judicial

Code, 42 Pa.C.S. § 5103(a),[9] and Pa.R.C.P. No. 213(f),[10] will transfer the matters to the Court of Common Pleas of Beaver County. *Brown v. Department of Corrections,* —— Pa. ——, 81 A.3d 814 (2013), *per curiam* order at 3 ("Accordingly, given that a 'proper tribunal of this Commonwealth' exists in which to consider Appellant's claims, the Commonwealth Court should not have dismissed the petition for review, but rather transferred the matter to the Philadelphia Court of Common Pleas, 42 Pa.C.S. § 5103(a)."); *Gordon v. Pulakos,* 48 Pa.Cmwlth. 442, 410 A.2d 899, 902 (1980). *See Arbor Resources, LLC v. Nockamixon Township,* 973 A.2d 1036, 1042 (Pa.Cmwlth.2009) (discussing how courts of common pleas have equity jurisdiction to decide cases where a municipality "operationally regulate[s] oil and natural gas activities"). The Chief Clerk of this Court shall transmit the records of the above proceedings to the Prothonotary of the Court of Common Pleas of Beaver County, together with a copy of this opinion and order. Seitel shall bear the costs of the transfer. Pa.R.C.P. No. 213(f);

*Leonard v. Thornburgh,* 75 Pa.Cmwlth. 553, 463 A.2d 77, 79 (1983).

As a final matter, we note that concomitant with Seitel's petitions for review, Seitel filed applications for special relief in the nature of a preliminary injunction against Center Township, Shippingport Borough, and Greene Township. On November 13, 2013, Judge Quigley entered a single-judge opinion and order granting Seitel's applications and preliminarily enjoining the municipalities, in pertinent part, "from enforcing and applying seismic regulations either by resolution or agreement to [Seitel's] survey operations...." (Order, 11/13/2013, at 1.) In his opinion and order, Judge Quigley "presume[d] that the Court has jurisdiction for purposes of the preliminary injunction only," and expressly left open the possibility that this Court may grant the municipalities' preliminary objections for want of jurisdiction. (Opinion, 11/13/2013, at 7). Judge Quigley ordered that "in the event that a panel [of this Court] sustains the ... preliminary objections and transfers the matters to the Court of Common Pleas of Beaver County, [the] preliminary injunction will remain in

---

9. This provision states:
 **§ 5103. Transfer of erroneously filed matters**
 (a) General rule.—If an appeal or other matter is taken to or brought in a court or magisterial district of this Commonwealth which does not have jurisdiction of the appeal or other matter, the court or district justice shall not quash such appeal or dismiss the matter, but shall transfer the record thereof to the proper tribunal of this Commonwealth, where the appeal or other matter shall be treated as if originally filed in the transferee tribunal on the date when the appeal or other matter was first filed in a court or magisterial district of this Commonwealth. A matter which is within the exclusive jurisdiction of a court or district justice of this Commonwealth but which is commenced in any other tribunal of this Commonwealth shall be transferred by the other tribunal to the proper court or magisterial district of this Commonwealth where

it shall be treated as if originally filed in the transferee court or magisterial district of this Commonwealth on the date when first filed in the other tribunal.
 *Id.*

10. Pa.R.C.P. No. 213(f) provides: "When an action is commenced in a court which has no jurisdiction over the subject matter of the action it shall not be dismissed if there is another court of appropriate jurisdiction within the Commonwealth in which the action could originally have been brought but the court shall transfer the action at the cost of the plaintiff to the court of appropriate jurisdiction. It shall be the duty of the prothonotary or clerk of the court in which the action is commenced to transfer the record together with a certified copy of the docket entries to the prothonotary or clerk of the court to which the action is transferred." *Id.*

effect for 30 days after transfer of the record to the court of common pleas to provide [Seitel] an opportunity to file applications for relief in the nature of a preliminary injunction with the common pleas court." (Order, 11/13/2013, at 2). Nothing in our opinion should be construed as upsetting Judge Quigley's order, and the preliminary injunction shall remain in full force and effect until its dissolution date as stated in Judge Quigley's order.

Judge BROBSON did not participate in this decision.

### ORDER

AND NOW, this 7th day of March, 2014, the preliminary objections of Center Township, Shippingport Borough, and Greene Township, pertaining to subject matter jurisdiction are granted. The remaining preliminary objections of Shippingport Borough and Greene Township are dismissed as moot.

Because this Court lacks subject matter jurisdiction over the claims asserted in Seitel's petitions for review, we transfer the above-captioned matters to the Court of Common Pleas of Beaver County. The preliminary injunction issued by the Honorable Keith B. Quigley, by order and opinion dated November 13, 2013, shall remain in full force and effect until its dissolution date. The Chief Clerk of this Court shall transmit the records of the above proceedings to the Prothonotary of the Court of Common Pleas of Beaver County, together with a copy of this opinion and order. Seitel shall bear the costs of the transfer.

Jurisdiction relinquished.