IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Carrington Keys, | : | |
| Appellant | : | |
| | : | |
| v. | : | No. 2005 C.D. 2016 |
| | : | Submitted: September 22, 2017 |
| Parole Agent Everette, SCI Forest, | : | |
| Parole Agent McKay and | : | |
| Parole Agent Everette | : | |

BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
HONORABLE ANNE E. COVEY, Judge
HONORABLE DAN PELLEGRINI, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT                      FILED: January 4, 2018

Carrington Keys, *pro se*, appeals an order of the Court of Common Pleas of the 37th Judicial District, Forest County Branch (trial court), that dismissed his complaint filed against several agents of the Pennsylvania Board of Probation and Parole (collectively, Board Employees). The trial court concluded that it lacked jurisdiction over Keys' complaint because every allegation therein concerned the Board's decision to deny Keys' parole. For the following reasons, we reverse and remand.

Keys is currently incarcerated at SCI-Forest. On July 5, 2016, he filed a complaint under Section 1983 of Title 42 of the United States Code, 42 U.S.C. §1983,[1] alleging that Board Employees retaliated against him for filing a lawsuit

---

[1] Section 1983 states, in relevant part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State … subjects, or causes to be subjected, any citizen of the United

against the Board. Specifically, the complaint alleged that after Keys filed the lawsuit, Board Employees "deliberately and maliciously delayed [Keys'] parole papers and falsely claimed not to have [Keys'] files" for a parole hearing, which was initially scheduled for March 2015. Complaint, ¶4. The complaint stated that Board Employees had no problem finding Keys' files on previous occasions. The hearing was not held until June 24, 2015. The complaint further alleged that at the hearing one of the Board Employees "used profanity against [Keys]," "expressed bias and prejudicial remarks," and forced Keys to confess to a case that had not yet been tried. *Id.* at ¶¶11, 12, 15. The complaint alleged that Board Employees had no intent of giving him "a fair hearing or meaningful review." *Id.* at ¶16.

The complaint challenged the procedures Board Employees followed, noting that they "[made] up new reasons for denying [Keys] [p]arole." *Id*. at ¶14. The stated reasons for denial, including "reported misconducts and institutional behavior" and a "pending county detainer sentence," were false and used to retaliate against him for the lawsuit he filed. *Id.* at ¶¶22-25. The complaint further alleged that Board Employees were "conspiring with the District Attorney by permanently confining [Keys] to be denied parole review" and that [he] was not being "treated as similar[ly] situated inmates." *Id.* at ¶34.

On these allegations, the complaint contended that Board Employees' actions violated Keys' rights under the First, Fifth, and Fourteenth Amendments to the United States Constitution. *Id.* at ¶¶30, 32, 33. It also pled claims of defamation and misrepresentation, which caused Keys "psychological, physical, and emotional

States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

42 U.S.C. §1983.

changes and loss of employment opportunities." *Id.* at ¶40. Keys sought compensatory and punitive damages as well as injunctive relief and petitioned to proceed *in forma pauperis*.

The trial court dismissed the complaint, *sua sponte*, concluding that it lacked subject matter jurisdiction.[2] In so doing, the trial court found that the complaint was in actuality challenging the Board's decision to deny Keys parole, which is not subject to judicial review. The trial court also denied Keys the right to proceed *in forma pauperis*. Keys now appeals to this Court.[3]

On appeal,[4] Keys argues that the trial court erred by ruling it lacked subject matter jurisdiction over his civil rights complaint. He maintains that he is not appealing the Board's denial of parole; thus, the case law cited by the trial court was irrelevant to his claims of retaliation. Keys argues that he properly averred claims of constitutional deprivations under 42 U.S.C. §1983. Board Employees respond that the trial court appropriately dismissed the complaint because this Court, rather than the common pleas court, has jurisdiction over Keys' complaint. Board Employees contend that they are entitled to absolute immunity, and the complaint did not state a claim upon which relief can be granted.

---

[2] The question of subject matter jurisdiction may be raised at any time, by any party, or by the court *sua sponte*. *Fried v. Fried*, 501 A.2d 211, 212 (Pa. 1985).

[3] In response to Keys' appeal, Board Employees filed an application to stay proceedings and dismiss for want of jurisdiction pursuant to Pennsylvania Rules of Appellate Procedure 1972(a)(3). In the application, Board Employees argue that because the Board's decision to deny parole is not an adjudication subject to judicial review, this Court lacks subject matter jurisdiction. By order dated April 5, 2017, this Court ordered that Board Employees' application be decided with the merits of the present appeal. Because we hold that Keys' Section 1983 claims are subject to judicial review, we deny Board Employees' application.

[4] The standard of review in determining whether a court has subject matter jurisdiction is *de novo* and the scope of review is plenary. *Seitel Data, Ltd. v. Center Township*, 92 A.3d 851, 859 (Pa. Cmwlth. 2014) (quoting *Commonwealth v. Locust Township*, 968 A.2d 1263, 1268-69 (Pa. 2009)).

3

Beginning with the jurisdictional issue, Board Employees correctly point out that, as a general rule, this Court has exclusive jurisdiction over civil actions against the Commonwealth government and its officers acting in their official capacity. 42 Pa. C.S. §761(a)(1). However, "this Court lacks original jurisdiction over tort actions for money damages that are premised on either common law trespass or a civil action for deprivation of civil rights under 42 U.S.C. §1983." *Miles v. Beard*, 847 A.2d 161, 164 (Pa. Cmwlth. 2004). Common pleas courts exercise jurisdiction over such claims. Further, where the core of a complaint is a tort action, original jurisdiction lies with the court of common pleas regardless of an ancillary request for declaratory relief. *Id*. (citing *Stackhouse v. Pennsylvania State Police*, 832 A.2d 1004 (Pa. 2003)).

On the other hand, no court has jurisdiction to review the Board's decision to grant or deny parole; such a decision does not constitute an "adjudication." *Rogers v. Pennsylvania Board of Probation and Parole*, 724 A.2d 319, 322 (Pa. 1999). In *Wilson v. Marrow*, 917 A.2d 357 (Pa. Cmwlth. 2007), this Court held that an offender in state custody may not use a Section 1983 action to attack the validity of a parole or probation revocation proceeding. We explained that a Section 1983 complaint is not the vehicle to challenge a parole revocation decision where the inmate does not aver "any physical, psychic or reputational injury arising from the alleged constitutional violations" and has pleaded no damages. *Wilson*, 917 A.2d at 362. "Rather, the only loss he pleads is loss of freedom due to re-imprisonment." *Id*. Section 1983 does not provide a remedy for loss of freedom occasioned by the revocation of parole.

By contrast, here, Keys' complaint requests money damages for violations of Section 1983. The injuries he avers include "psychological, physical,

4

and emotional changes and loss of employment opportunities." Complaint, ¶40. The trial court has jurisdiction over such claims. *Miles*, 847 A.2d at 164.

Board Employees also argue that the complaint was properly dismissed because Keys' claims are barred by absolute immunity and sovereign immunity. They also argue that Keys failed to state a claim under 42 U.S.C. §1983 upon which relief can be granted. Board Employees did not raise these defenses before the trial court. In fact, Board Employees did not file an answer or preliminary objections to Keys' complaint, and the trial court did not consider any defenses in dismissing the complaint. Because the only issue before this Court is whether the trial court has subject matter jurisdiction over this matter, we decline to address the alternative grounds for dismissal raised by Board Employees for the first time on appeal.

Because we conclude that dismissal of the case for lack of subject matter jurisdiction was in error, we reverse the order of the trial court and remand for further proceedings. The denial of *in forma pauperis* status is also reversed inasmuch it was based solely on the premise that the trial court lacked subject matter jurisdiction.[5]

_____
MARY HANNAH LEAVITT, President Judge

Judge Cosgrove did not participate in the decision in this case.

---

[5] For the same reason, we deny Board Employees' application to dismiss for want of jurisdiction.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Carrington Keys,                              :
                    Appellant                 :
                                              :
          v.                                  :   No. 2005 C.D. 2016
                                              :
Parole Agent Everette, SCI Forest,            :
Parole Agent McKay and                        :
Parole Agent Everette                         :

# **O R D E R**

AND NOW, this 4th day of January, 2018, the order of the Court of Common Pleas of 37th Judicial District, Forest County Branch, dated September 15, 2016, in the above-captioned matter is hereby REVERSED and the case is REMANDED for further proceedings consistent with this opinion. Appellees' Application to Dismiss for Want of Jurisdiction is hereby denied.

Jurisdiction relinquished.

_____
MARY HANNAH LEAVITT, President Judge