IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Church of the Overcomer,                          :
                                    Appellant     :
                                                  :
            v.                                    : No. 681 C.D. 2025
                                                  : Submitted: May 12, 2026
Delaware County Tax Claim Bureau                  :


BEFORE:    HONORABLE LORI A. DUMAS, Judge
           HONORABLE STACY WALLACE, Judge
           HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WALLACE                                  FILED:  June 22, 2026


        Church of the Overcomer (Church) appeals the order (Order) of the Court of
Common Pleas of Delaware County (trial court), dated February 13, 2025, and filed
on February 28, 2025, sustaining the Delaware County Tax Claim Bureau's (Bureau)
preliminary objections and dismissing[1] its complaint.[2]  Also pending before this
Court is the Bureau's interim motion to dismiss this appeal based upon *res judicata*,

---

[1] Although the trial court did not dismiss the complaint with prejudice, it also did not grant the
Church leave to file an amended complaint.  Thus, the trial court's Order is a final, appealable
order.  *See* Pennsylvania Rule of Appellate Procedure (Pa.R.A.P.) 341(a) ("an appeal may be taken
as of right from any final order of a . . . trial court."); *see also May v. Doe*, 269 A.3d 1286, 1289
(Pa. Cmwlth. 2022) (citation omitted) (final appealable order results where trial court does not
dismiss complaint with prejudice and does not grant the plaintiff leave to amend the complaint).

[2] The Court Clerk docketed the Church's "Verified Claim for Refund of Real Estate Taxes" as a
complaint and, for ease of reference, we likewise refer to it as the complaint throughout this
decision.  Reproduced Record (R.R.) at 1a, 6a.

and its request for sanctions. *See* Bureau's 3/12/26 Motion. Upon careful review, we deny the motion to dismiss, deny the request for sanctions, and affirm the trial court's Order.

## BACKGROUND

This litigation precipitated from the granting of a real estate tax exemption to the Church by the Delaware County Board of Assessment Appeals (Board), effective January 1, 2016, concerning properties located at 1004 and 1010 Sunset Street, Trainer, Pennsylvania (Properties). Reproduced Record (R.R.) at 6a-7a. Thereafter, on October 12, 2022, the Church filed its complaint, solely against the Bureau, pursuant to Section 5566b(a) of the Tax Refund Law,[3] requesting a refund of certain real estate taxes paid in 2013, 2014, and 2015. *Id.* at 11a-12a. The complaint alleged, among other things, racial discrimination by the Bureau regarding the collection of taxes, as well as racially discriminatory activity by unnamed defendants, such as the Board denying tax exempt status and Chichester School District opposing tax exempt status. *Id.* at 9a-10a. The Bureau did not answer the complaint, and the Court Clerk entered a default judgment on June 7, 2023. *Id.* at 2a.

On February 6, 2024, the Bureau filed a petition to open/strike the judgment, and, following a hearing, the trial court granted the petition and struck the default judgment by order dated July 23, 2024. *Id.* at 159a-162a. On July 25, 2024, the Bureau filed preliminary objections, raising failure to exhaust statutory remedies, failure to name indispensable parties, failure to verify the complaint, and statute of limitations. *Id.* at 164a. Subsequently, the Church appealed the trial court's order striking the default judgment to this Court, which, upon motion by the Bureau, we

---

[3] Act of May 21, 1943, P.L. 349, *as amended*, 72 P.S. § 5566b(a).

quashed as an unappealable, interlocutory order. *Church of the Overcomer v. Delaware County Tax Claim Bureau* (Pa. Cmwlth., No. 1344 C.D. 2024, filed Jan. 15, 2025).

On remand, the trial court sustained the Bureau's preliminary objections. R.R. at 219a. In doing so, the trial court cited its "prior [o]rder of July 23, 2024 and its finding of multiple defects on the record." *Id.* (internal footnote omitted). The Church appealed to this Court. In its opinion submitted relative to the Church's appeal, the trial court specified it dismissed the Church's complaint because the Church failed to exhaust statutory remedies and failed to name indispensable parties. *Id.* at 234a.

Particularly regarding the exhaustion of statutory remedies, the trial court explained "the proper mechanism for objecting to an annual assessment is in accordance with the Consolidated County Assessment Law [(Assessment Law)]."[4] *Id.* at 232a. Because the Church did not appeal the 2013, 2014, and 2015 assessments with the Board as required by the Assessment Law, the trial court determined the Church did not exhaust the requisite statutory remedy. *Id.* at 231a-32a. Additionally, quoting the Tax Refund Law, the authority relied upon by the Church, the trial court noted its express prohibition on actions where another statutory remedy exists:

> The right to a refund afforded by this act may not be resorted to in any case in which the taxpayer involved had or has available under any other statute, ordinance or resolution, a specific remedy by way of review, appeal, refund or otherwise, for recovery of moneys paid as aforesaid, unless the claim for refund is for the recovery of moneys paid under a provision of a statute, ordinance or resolution subsequently held, by final judgment of a court of competent jurisdiction, to be

---

[4] 53 Pa.C.S. §§ 8801-8868.

unconstitutional, or under an interpretation of such provision subsequently held by such court, to be erroneous.

*Id.* at 232a (quoting 72 P.S. § 5566b(b)). Finally, the trial court specifically rejected the Church's contention regarding the futility of an appeal to the Board because of racial discrimination. *Id.* at 233a. The trial court explained "[the Church] fail[ed] to cite any caselaw or any factual allegation(s) to support this argument, other than that, in its uncorroborated (and therefore hypothetical) estimation, an appeal would have been futile." *Id.*

On appeal, the Church raises three issues for this Court's review. Church's Br. at 2. First, the Church contends the trial court erred in dismissing its complaint based upon the failure to exhaust statutory remedies. *Id.* Second, the Church asserts the trial court erred in dismissing its complaint based upon the failure to name indispensable parties. *Id.* Third, the Church argues the trial court erred in deciding the preliminary objections without first considering factual evidence. *Id.*

Preliminarily, the Bureau asserts *res judicata* precludes consideration of the merits because the Church filed a near verbatim complaint against the Bureau in 2016 (2016 Action),[5] alleging racial discrimination by the taxing authorities and requesting a refund for 2013, 2014, and 2015. Bureau's 3/12/26 Motion at Ex. B. Similar to the present case, the trial court sustained the Bureau's preliminary objections to the 2016 Action and dismissed the Church's complaint with prejudice.[6]

---

[5] Comparing the 2016 and 2022 complaints, counsel for the Bureau alleges only three changes to the latter; namely, (1) the addition of a legal citation to Paragraph 20; (2) an estimation of the amount of taxes paid and the date of last payment in Paragraph 22; and (3) the deletion of reference to exhibits in Paragraph 29. Bureau's 3/12/26 Motion at ¶ 4. In all other regards, counsel contends the 2022 complaint parrots the 2016 complaint. *Id.*

[6] Incidentally, the Church filed an appeal of the dismissal to this Court, but later voluntarily discontinued the appeal after failing to file a statement of errors complained of on appeal and a **(Footnote continued on next page…)**

4

*Id.* at Ex. G. Consequently, the Bureau requests we take judicial notice of the 2016 Action, and dismiss this matter given the Church's prior identical and unsuccessful litigation on the merits. Bureau's Br. at 10, 11 n.3. Additionally, the Bureau requests sanctions, characterizing the Church's underlying lawsuit and subsequent appeals as "patently frivolous." *Id.* at 30.

## DISCUSSION

This Court's review of a trial court's order sustaining preliminary objections and dismissing a complaint is limited to determining whether the trial court abused its discretion or committed an error of law. *Chasan v. Platt*, 244 A.3d 73, 80 n.5 (Pa. Cmwlth. 2020). "In reviewing preliminary objections, all material facts averred in the complaint, and all reasonable inferences that can be drawn from them, are admitted as true." *Seitel Data, Ltd. v. Center Twp.*, 92 A.3d 851, 859 (Pa. Cmwlth. 2014) (citations omitted). However, the trial court need not "accept as true legal conclusions, unwarranted factual inferences, argumentative allegations, or expressions of opinion." *Chasan*, 244 A.3d at 80 (citation omitted). "Preliminary objections should be sustained only in cases that are clear and free from doubt." *Seitel Data*, 92 A.3d at 859 (quotation omitted).

First, we consider the Bureau's *res judicata* argument. Under the doctrine of *res judicata*, or claim preclusion, "a former adjudication bars a later action on all or part of the claim which was the subject of the first action. Any final valid judgment on the merits by a court of competent jurisdiction precludes any future suit between the parties . . . on the same cause of action." *Balent v. City of Wilkes-Barre*, 669 A.2d 309, 313 (Pa. 1995) (citation omitted). Generally, *res judicata* should be pled as an affirmative defense as new matter. *See* Pa.R.Civ.P. 1030(a). However, if a

brief and reproduced record. *See* Bureau's 3/12/26 Motion at Ex. H (Commonwealth Court Docket No. 1345 CD 2017).

party raises *res judicata* by preliminary objection, the opposing party must file its own preliminary objection or it waives the ability to challenge procedural propriety. *See*, *e.g., Duquesne Slag Prods. Co. v. Lench*, 415 A.2d 53, 54 (Pa. 1980); *Com. ex rel. Milk Mktg. Bd. v. Sunnybrook Dairies, Inc.*, 379 A.2d 330, 332 (Pa. Cmwlth. 1977) (citation omitted) (a defense of *res judicata* may be raised by preliminary objection rather than responsive pleading when the complaint, on its face, refers to a prior action, thus rendering an assertion of *res judicata* readily apparent). This affords the trial court the opportunity to decide the issue. *See*, *e.g., Hvizdak v. Linn*, 190 A.3d 1213, 1228 (Pa. Super. 2018) (quotation omitted) ("[w]here a party erroneously asserts substantive defenses in preliminary objections rather than . . . in new matter, the failure of the opposing party to file preliminary objections to the defective preliminary objections . . . waives the procedural defect and allows the trial court to rule on the preliminary objections").[7] Moreover, it is well-settled that "[i]ssues not raised in the trial court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a).

Here, the Bureau concedes it did not raise the issue of *res judicata* to the trial court because it only came to counsel's attention during the pendency of preliminary objections.[8] Bureau's Br. at 5. Because the trial court did not have the opportunity to rule on this issue, we cannot consider it for the first time on appeal. Consequently, we deny the Bureau's motion to dismiss the appeal.

---

[7] Although Pennsylvania Superior Court decisions are not binding on this Court, they may provide persuasive authority where they address analogous legal issues. *DeSantis v. Lenox Place Condo. Assoc., Inc.*, 316 A.3d 1119, 1121 n.4 (Pa. Cmwlth. 2024).

[8] Counsel asserts different counsel represented the Bureau in the 2016 Action. *See* Bureau's 3/12/26 Motion at 4 n.3.

6

Turning to the merits, we first address the Church's contention the trial court erred by dismissing its claim against the Bureau based on failure to exhaust a mandatory statutory remedy. The Pennsylvania Rules of Civil Procedure specifically authorize the filing of a preliminary objection upon this ground. *See* Pa.R.Civ.P. 1028(a)(7). The Assessment Law delineates a specific procedure to challenge an annual assessment. *See* 53 Pa.C.S. § 8844(c)(1) (requiring a person aggrieved by an annual assessment to file an appeal with the Board on or before September 1 of the preceding year); *id.* at § 8844(c)(3) (authorizing county commissioners to change the September 1 appeal deadline to a date no earlier than August 1).[9] We have specifically discerned this procedure "mandatory and exclusive." *Chester Upland Sch. Dist. v. 103 Commerce Drive ILP, LLC*, 309 A.3d 246, 252 (Pa. Cmwlth. 2024) (trial court did not err in sustaining preliminary objections and dismissing school district's amended complaint because school district had a remedy under the Assessment Law to challenge the assessment value, which precludes a claim for declaratory and equitable relief before the trial court).

Here, the Church undisputedly did not appeal to the Board. Church's Br. at 3. On appeal, the Church again raises a futility argument, quoting several paragraphs of its complaint and contending "it would have been futile for the Church to again argue to the [Board] that the 2013-2015 assessments were racially motivated." *Id.* at 14-15. For this reason, the Church commenced this litigation in the first instance with the trial court under the Tax Refund Law.

---

[9] Delaware County utilizes a deadline of August 1 for all assessment appeals. Delaware County, Pennsylvania, *Delaware County Board of Assessment Rules and Regulations, available at* https://www.delcopa.gov/sites/default/files/2026-03/BoARulesAndRegs.pdf (last accessed June 18, 2026).

However, as observed by the trial court, the Tax Refund Law expressly precludes relief where a taxpayer has alternative recourse. 72 P.S. § 5566b(b) ("The right to a refund afforded by this act **may not be resorted to in any case** in which the taxpayer involved had or has available under any other statute, ordinance or resolution, a specific remedy by way of review, appeal, refund or otherwise . . . .") (emphasis added). Additionally, the Church does not cite any legal authority that allegations of racial discrimination permit it to bypass the procedure of the Assessment Law, which mandates an appeal to the Board. *See Chester Upland*, 309 A.3d at 252. Finally, the Church's own factual averments dispel its futility argument, as the Church admitted to receiving tax exempt status for the Properties, effective January 1, 2016. R.R. at 6a-7a. Thus, we discern no error by the trial court in sustaining the preliminary objections based upon failure to exhaust a statutory remedy. Accordingly, we need not address the Church's remaining issues on appeal.

As a final matter, the Bureau requests sanctions, including attorney's fees, based upon the frivolity of this appeal. *See* Bureau's 3/12/26 Motion ¶ 26; Bureau's Br. at 30-34. Primarily, the Bureau relies upon its *res judicata* contention. *See* Bureau's Br. at 31-32. Additionally, the Bureau contends counsel's "repeated jurisdictional errors and procedural noncompliance have needlessly multiplied these proceedings." *Id.* at 32. The Bureau cites Pa.R.A.P. 2744, and Section 2503 of the Judicial Code, 42 Pa.C.S. § 2503(7) and (9), both of which provide for an award of attorney's fees and sanctions in the event of a frivolous appeal.

Our courts have observed "that an appeal is not frivolous simply because it lacks merit. Rather, it must be found that the appeal has no basis in law or fact." *Canal Side Care Manor, LLC v. Pa. Hum. Rels. Comm'n*, 30 A.3d 568, 576 (Pa. Cmwlth. 2011) (quoting *Menna v. St. Agnes Med. Ctr.*, 690 A.2d 299, 304 (Pa.

Super. 1997)). We have described an appeal as frivolous where, among other things, the appellant failed to acknowledge or distinguish contrary legal authority. *See Venafro v. Dep't of Transp., Bureau of Driver Licensing*, 796 A.2d 384, 388 (Pa. Cmwlth. 2002).

Although we agree with the Bureau that the Church's appeal is meritless, we have determined the Bureau did not preserve the issue of *res judicata* for this Court's review. In turn, we likewise cannot consider *res judicata* as the basis for an award of sanctions. Further, while we certainly appreciate counsel's frustration regarding the procedural convolutions of this case, we do not conclude sanctions are warranted pursuant to Pa.R.A.P. 2744 or any other authority.

## CONCLUSION

For the reasons set forth above, we deny the Bureau's interim motion to dismiss this appeal and its request for sanctions, and affirm the trial court's Order.

_____
STACY WALLACE, Judge

9

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Church of the Overcomer, : 
               Appellant : 
                                 : 
     v. : No. 681 C.D. 2025
                                 : 
Delaware County Tax Claim Bureau : 

**O R D E R**

**AND NOW**, this 22nd day of June 2026, the interim motion of the Delaware County Tax Claim Bureau to dismiss this appeal and its request for sanctions is **DENIED**. In addition, the February 13, 2025 order of the Court of Common Pleas of Delaware County is **AFFIRMED**.

_____
STACY WALLACE, Judge